**STATE of Missouri, Respondent,**

v.

**Mac Arthur TURNER, Appellant.**

No. 70047.

Missouri Court of Appeals,
Eastern District,
Division One.

April 21, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 8, 1998.

Application for Transfer Denied
Aug. 25, 1998.

Ralph A. Dobberstein, St. Louis, for appellant.

Jeremian W. (Jay) Nixon, Atty. Gen., Barbara K. Chesser, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Judge.

Appellant, Mac Arthur Turner ("defendant"), filed a motion to recall the mandate dismissing his direct appeal,[1] alleging the dismissal was due to ineffective assistance of appellate counsel. This Court provisionally recalled the mandate and reinstated the appeal for the purpose of determining whether the mandate could be recalled in light of the new Rule 29.15. Our order provisionally recalling the mandate is set aside and the motion is dismissed.

On December 24, 1994, defendant was shopping at Northwest Plaza where he encountered three men, Marvin Cashaw, Marcus Bryant, and Clarence Hodge ("victim"). Defendant and the three men exchanged words. Defendant subsequently went into the Famous–Barr store where he ran into Torrance Harris.

While defendant and Harris were in Famous–Barr, they encountered an individual identified as "Squeaky." Defendant and Squeaky began to argue. During their argument, Squeaky struck defendant in the face

---

**1.** Defendant was convicted, following a jury trial, of second degree murder, RSMo section 565.021 (1994), and armed criminal action, RSMo section 571.015 (1994).

and defendant tripped over a store fixture, then fell backwards. As defendant got up, he pulled a .25 caliber handgun from his pocket, fired four or five shots until the gun was empty, then fled from the store. The three men defendant had encountered earlier in the evening had been in Famous–Barr watching the altercation between defendant and Squeaky. One of the shots defendant fired hit victim, killing him. Defendant was arrested that evening and charged with second degree murder and armed criminal action.

At trial, several witnesses testified defendant had been struck in the face during the above altercation, causing him to fall backwards, and when defendant got up, he fired at the man who struck him. Defendant testified he fired the first two shots at Squeaky and the remaining shots in the air.

During the instruction conference, defendant requested the jury be instructed on involuntary manslaughter and argued he acted in self-defense, but did so recklessly as he shot a gun in a crowded store. The trial court denied defendant's request for an involuntary manslaughter instruction. The jury found defendant guilty of second degree murder and armed criminal action.

On January 12, 1996, defendant was sentenced to twenty years for second degree murder and four years for armed criminal action, with the sentences to run concurrent.

Defendant's appellate counsel filed a notice of appeal, out of time, on February 21, 1996. On March 26, 1996, counsel filed a motion for leave to file a notice of appeal out of time. On April 2, 1996, this Court entered an order granting defendant fifteen days to file a new notice of appeal and voiding the notice filed February 21, 1996. Defendant's counsel filed a new notice of appeal on May 1, 1996.

The record on appeal was never filed. On September 12, 1996, this Court dismissed the appeal due to defendant's failure to comply with Rules 30.04(f) and 81.18. A mandate ordering defendant's sentence be executed was issued October 4, 1996. Rule 30.24(b) directs the clerk of the appellate court to send a copy of the mandate to the department of corrections for each appellant and provides:

> In each case where a felony sentence pronounced on or after January 1, 1996, is affirmed or the appeal of such a felony sentence is dismissed, the clerk of the appellate court shall send by first class mail to the department of corrections for each appellant a copy of the mandate issued by the appellate court in the case. *The provisions of this Rule 30.24(b) are directory only, and the failure to comply with this Rule 30.24(b) shall not be a basis for seeking relief from the provisions of Rule 24.035 or Rule 29.15.*

(Emphasis added). The record reveals a copy of the mandate was sent to the department of corrections where defendant was housed.[2]

On June 4, 1997, defendant filed a motion to recall the October 4, 1996 mandate alleging his appellate counsel failed to provide effective assistance of counsel and had abandoned him on his appeal. Defendant further alleged he "was not notified by [his appellate counsel] that his appeal had been dismissed." [3]

On June 26, 1997, this Court entered an order "provisionally" granting defendant's motion to recall the mandate, directing defendant's new counsel to address the issue of whether the mandate could be recalled in light of the new Rule 29.15, and reinstating defendant's direct appeal.[4]

2. Our Supreme Court and the Department of Corrections decided the method by which mandates would be sent to prisoners; that method is set out in Rule 30.24. This Court's records indicate the mandate was sent to the Department of Corrections on the date it was issued, as directed by Rule 30.24.

3. Rule 30.24 directs the appellate court to send a copy of the mandate to the department of corrections but does not direct a copy be sent to appellate counsel.

4. Under the former Rule 29.15, defendants could raise claims of ineffectiveness of *trial* counsel but were precluded from raising claims of ineffectiveness of *appellate counsel*. *See* Rule 29.15 (1995). Instead, defendants claiming ineffective assistance of *appellate counsel* had to do so in a motion to recall the mandate of the appellate

The new Rule 29.15, as amended in June 1995, and effective January 1, 1996, provides:

A person convicted of a felony after trial claiming that the conviction or sentence imposed violates the constitution and laws of this state or the constitution of the United States, *including claims of ineffective assistance of trial and appellate counsel,* . . . may seek relief in the sentencing court pursuant to the provisions of this Rule 29.15. *This Rule 29.15 provides the exclusive procedure by which such person may seek relief in the sentencing court for the claims enumerated.*

Rule 29.15(a) (emphasis ours). Rule 29.15(b) specifies such motions "*shall be filed* within ninety days after the date the mandate of the appellate court is issued." Rule 29.15(b) (emphasis ours). Rule 29.15(b) further provides:

Failure to file a motion within the time provided by this Rule 29.15 shall constitute *a complete waiver of any right to proceed under this Rule 29.15 and a complete waiver of any claim that could be raised in a motion filed pursuant to this Rule 29.15.*

(Emphasis ours).[5]

The new Rule 29.15 was in effect when defendant was sentenced on January 12, 1996. As a result, defendant was precluded from filing a motion to recall mandate to challenge the effectiveness of his appellate counsel. Instead, defendant's claim of ineffective assistance of appellate counsel had to be raised in a motion under Rule 29.15. Defendant had ninety days from the date the October 4, 1996 mandate was issued to file a motion under Rule 29.15. However, defendant failed to file a motion under Rule 29.15.[6] Rather, defendant filed a motion to recall mandate, eight months after the mandate was issued, in which he alleged ineffective assistance of appellate counsel.

We note the record reflects defendant was advised at his sentencing he had ninety days after the mandate was issued to file a motion under Rule 29.15. The record also reveals this Court sent a copy of the October 4, 1996 mandate to the department of corrections, where defendant was serving out his sentence. Notably, defendant failed to allege he was not aware the mandate had been issued, rather, he alleged his appellate counsel failed to tell him the mandate had been issued.[7]

Accordingly, our order provisionally recalling the mandate and reinstating defendant's appeal is set aside, and defendant's motion to recall the mandate is dismissed.

GRIMM, P.J., dissents in a separate opinion.

PUDLOWSKI, J., concurs with the writer.

GRIMM, Presiding Judge, dissenting.

I respectfully dissent. Nothing in Rule 29.15 prevents an appellate court from recalling a mandate when counsel completely fails to perfect an appeal. I would reinstate the appeal and consider its merits.

In this case, Brian T. Hayden represented defendant at trial. Mr. Hayden filed a motion for new trial, which the trial court overruled on January 12, 1996. On that same day, the trial court sentenced defendant to the Department of Corrections.

Mr. Hayden filed an untimely notice of appeal on February 21, 1996. However, on March 26, Mr. Hayden filed an application for leave to file notice of appeal out of time. In that application, he said that the original notice "was filed out of time solely due to counsel's improper computation of when the judgment became final and when the Notice should have been filed."

On April 1, this court granted leave to file a new notice of appeal and ordered that the

---

court. *Reuscher v. State,* 887 S.W.2d 588, 591 (Mo.banc 1994).

**5.** Thus, Rule 29.15(b) appears to bar a motion to recall mandate to challenge ineffective assistance of appellate counsel.

**6.** See *State v. Kelly,* 966 S.W.2d 382, 385 (Mo. App.E.D. 1998).

**7.** Were we to grant defendant's motion to recall the mandate under the facts presented and where mandatory time limits had not been complied with, we would open the door to other claims which had been barred.

record on appeal be filed by May 21. Mr. Hayden filed the notice of appeal, but he did not file the record. On July 25, this court notified Mr. Hayden that the appeal would be dismissed if the record was not filed by August 9. On August 12, Mr. Hayden filed a motion seeking until that day to file the record. This court granted the motion, but the record was not filed. On August 13, Mr. Hayden sought an additional extension to file the record on August 15. This court granted the motion, but he did not file the record.

On August 22, this court sent Mr. Hayden another notice indicating that the appeal would be dismissed unless the record was filed by September 6. The record was not filed and on September 12, 1996, this court issued its mandate, dismissing the appeal for failure to comply with Rules 30.04(f) and 81.18. On October 4, this court sent a copy of the mandate to the Department of Corrections as required by Rule 30.24.

On June 4, 1997, defendant filed his motion to recall mandate. In that motion, defendant alleged that the court reporter prepared the transcript, but Mr. Hayden never picked it up or filed it. Further, defendant alleged that he was incarcerated and could not contact Mr. Hayden, however his mother had gone to Mr. Hayden's office several times and he refused to see her.

On June 10, this court directed Mr. Hayden to respond to defendant's motion by June 24. He did not respond. On June 26, this court noted that Mr. Hayden had recently filed a motion to voluntarily surrender his license to practice law. At that time this court provisionally granted the motion to recall the mandate. Our order noted that it "appears Mr. Hayden rendered ineffective assistance of counsel on appeal." However, because of the rule change, the order expressed reservations as to whether a motion to recall mandate may be maintained by an appellant sentenced after January 1, 1996. Thus the parties were directed to brief "whether the mandate may be recalled in light of the rule change to Rule 29.15(a)."

The State contends that "revised Rule 29.15 precludes the use of motions to recall the mandate," arguing that Rule 29.15 is "the exclusive means of relief for claims of ineffec-

tive assistance of appellate counsel." Certainly, revised Rule 29.15 was designed to provide a mechanism to deal with allegations of ineffective appellate counsel in a more organized way. Under old Rule 29.15, a defendant could not complain about his appellate counsel. Rather, a defendant had to seek relief under a motion to recall the mandate.

I agree that any claims concerning appellate counsel's failure to raise points or to adequately raise them must be raised in a Rule 29.15 motion. Such a rule and holding is logical, for after the direct appeal is concluded and a defendant knows its results, the defendant should either timely file his Rule 29.15 motion and raise those issues or be barred from later complaining.

Here, the facts do not contain such a claim. Rather, the claim is that his counsel failed to perfect the appeal. In effect, defendant did not have any appellate counsel, and thus was deprived of any review of his conviction and sentence.

Further, Mr. Hayden's failure not only prevented review of defendant's appeal, it also effectively precluded him from filing a Rule 29.15 motion. Rule 29.15(b) requires such a motion to be filed "within ninety days after the date the mandate of the appellate court is issued." Nothing in the record reflects that defendant had knowledge that the mandate was issued September 12, 1996, and thus he would not know that the clock was running on the time for him to file his motion. Certainly, if such a motion had been filed, all would agree that Mr. Hayden rendered ineffective assistance of counsel on appeal.

Fundamental fairness requires the judicial system to afford defendant an opportunity to have his conviction and judgment reviewed. As has often been said, courts prefer to consider claims on their merits, rather than dismissing them for being improperly raised. *See State v.Jackson,* 506 S.W.2d 424, 426 (Mo.Div. 2 1974). I would affirm the granting of the recall of the mandate and consider defendant's claim on its merits.