Gregory SAMS, Appellant,

v.

STATE of Missouri, Respondent.

No. 80960.

Supreme Court of Missouri,
En Banc.

Nov. 24, 1998.

and would be able to assist his attorneys, both at plea and at trial.

Amy M. Bartholow, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Gregory L. Barnes, Asst. Atty. Gen., Jefferson City, for respondent.

JOHN C. HOLSTEIN, Judge.

Gregory L. Sams pleaded guilty and was sentenced on two counts of securities fraud. Post-conviction relief under Rule 24.035 was denied. Sams appeals, claiming that the post-conviction court clearly erred in finding that his trial counsel was not ineffective. This Court granted transfer after opinion by the court of appeals. *Mo. Const. art. V, sec. 10.* The judgment is affirmed.

On July 18, 1995, the state charged Sams with two counts of securities fraud. At that time, Sams was serving a sentence for a prior offense. On July 28, 1995, Sams filed a pro se request for a speedy disposition of his case pursuant to the Uniform Mandatory Disposition of Detainers Law, sections 217.450–460.[1] Section 217.460 dictates that, subject to certain exceptions, the information or complaint must be brought to trial within one hundred eighty days after the request is filed. A few months later, Sams obtained counsel. On January 22, 1996, two days before the one hundred eighty-day limitation of sec. 217.460 expired, Sams, his attorney and the prosecuting attorney appeared before the trial judge. The docket sheet shows that the state requested a trial setting for late February. However, Sams' counsel apparently had conflicts with February and March. Therefore, the docket entry states: "PURSUANT TO SEC. 217.460, RSMO. P.A. & DEFENDANT ATTY. STIPULATE AS TO A TRIAL DATE" of April 1, 1996.

After the court appearance on January 22, the prosecutor returned to his office, reviewed Sams' file and apparently discovered Sams' motion for a speedy disposition. The prosecutor immediately notified the court and Sams' counsel by facsimile and suggested a hearing "to discuss why the case was not disposed of within the time required." The record does not reflect any response to the prosecutor's letter.

On April 1, 1996, Sams pleaded guilty to both counts of securities fraud. On July 17, 1996, following a pre-sentence investigation, the court sentenced Sams to ten years on each count of securities fraud to be served concurrently with each other and consecutive to the sentence Sams was already serving.

Sams filed a Rule 24.035 motion for post-conviction relief alleging that his trial counsel was ineffective for stipulating to a continuance beyond the one hundred eighty-day limitation of sec. 217.460. . Sams also alleged that his counsel was ineffective for failing to argue that his stipulation did not waive the one hundred eighty-day requirement and then failing to move for a dismissal on the grounds that the court had lost jurisdiction.

An evidentiary hearing was held on Sams' motion. At the hearing, Sams' trial counsel testified that he was unsure or unable to recall whether he and Sams had discussed the pro se motion for a speedy trial. Sams testified that before the January 22 nd appearance in court, his trial counsel told him that his motion for a speedy trial "wasn't an issue." When asked whether he could have been ready for trial within four weeks of the January 22 nd hearing, Sams' trial counsel testified that he had other things going on at the time and that the attorney general's office had delivered "an enormous amount of paperwork" which he would have had to review before trial. Therefore, Sams' trial counsel testified that it "would have been an unrealistic expectation, I think, to get the matter ready for trial that quickly on a case that's as complicated as this case appeared to be in [sic] face of it."

The motion court found that on January 22, 1996, Sams' counsel "was not prepared for a trial within only a few days." The motion court also found that it was "merely groundless speculation" to assert that the state was not ready to proceed to trial at that time. Therefore, the motion court concluded that Sams' counsel was not ineffective for agreeing to a continuance. Because Sams' counsel agreed to the continuance, the motion court determined that it would have

---

1. All statutory references are to RSMo 1994 un-  less otherwise noted.

been futile to move for a dismissal based on sec. 217.460; therefore, Sams' counsel was not ineffective for failing to move for such a dismissal. Sams appeals, claiming that the motion court clearly erred in making these findings.

■ On appeal, this Court will review the motion court's denial of post-conviction relief only to determine whether the findings and conclusions are clearly erroneous. *Rule 24.035(k); State v. White*, 798 S.W.2d 694, 697 (Mo. banc 1990).. The findings and conclusions of the motion court are clearly erroneous "only if a review of the entire record leaves the court with a definite and firm impression that a mistake has been made." *White*, 798 S.W.2d at 697 (citing *Day v. State*, 770 S.W.2d 692, 695–96 (Mo. banc 1989)). Sams' trial counsel was constitutionally ineffective if his performance fell below the degree of skill, care and diligence of a reasonably competent attorney and Sams was prejudiced by the defective performance. *Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Kenley*, 952 S.W.2d 250, 266 (Mo. banc 1997). Sams was prejudiced by his counsel's defective performance only if he demonstrates a reasonable probability that but for his counsel's errors, the result of the proceeding would have been different. *Kenley*, 952 S.W.2d at 266.

Once Sams filed his request for a speedy trial under sec. 217.450, Sams must be brought to trial within one hundred eighty days or the court loses jurisdiction and must dismiss the charges. *Sec. 217.460*. However, this one hundred eighty-day requirement is not absolute. The time limitation can be extended for "such additional necessary or reasonable time as the court may grant, for good cause shown." *Sec. 217.460*. Additionally, "the parties may stipulate for a continuance or a continuance may be granted if notice is given to the attorney of record with an opportunity for him to be heard." *Id.*

■ The initial question is whether the trial court had jurisdiction to accept Sams' guilty plea and to sentence Sams. Section 217.460 specifically allows the parties to stipulate to a continuance. Sams argues that the trial court lost jurisdiction because the par-

ties may not have been aware of the motion for a speedy trial when they stipulated to a continuance. However, the statute does not require anything other than a stipulation to a continuance by the parties. Furthermore, the docket entry specifically states that the stipulation was pursuant to sec. 217.460. Because the parties stipulated to continuing the trial beyond the one hundred eighty-day period, the trial court did not lose jurisdiction.

■ The next question is whether Sams' counsel was ineffective for stipulating to the continuance. To prevail on his claim that his counsel was ineffective for agreeing to the continuance, Sams must show that a reasonably competent attorney would not have stipulated to a continuance and he must show a reasonable probability that the result would have been different without the stipulation. *Strickland*, 466 U.S. at 687–88, 104 S.Ct. 2052; *Kenley*, 952 S.W.2d at 266. The hearing on Sams' Rule 24.035 motion was his opportunity to present evidence to prove these necessary elements. However, at his hearing, Sams did not present any evidence that his attorney could have been ready for a trial within two days of January 22 nd. In fact, on cross-examination, Sams' trial counsel admitted that he would not have been ready in four weeks.

■ Sams claims that the state was not ready for trial either; therefore, Sams' counsel should not have stipulated to a continuance. However, no evidence supports the claim that the state was not ready for trial. As the motion court found, without such evidence, Sams is merely speculating that the state was not ready. Perhaps defense counsel could have guessed that the state was not prepared because the state had not yet set the case for trial. However, even if defense counsel had speculated that the state was not fully prepared, it would have been a very risky strategy to refuse to stipulate to a continuance and risk a trial date within two days when he knew that he was not prepared. It is not ineffective assistance of counsel to make a reasonable trial strategy decision. *State v. Simmons*, 955 S.W.2d 752, 776 (Mo. banc 1997).

Arguably, Sams' trial counsel may not have analyzed the continuance on the basis of Sams' motion for a speedy trial. However, because the defense was not prepared for trial, the decision to stipulate to a continuance was not unreasonable regardless of defense counsel's awareness of the motion for a speedy trial. As Sams admits in his brief, "whether counsel's ignorance of the existence of a speedy trial request contributed to the continuances is not determinative of his ineffectiveness."

■ Sams claims that it was the state's responsibility to bring him to trial within one hundred eighty days. From this proposition, Sams argues that the state must show that it was prepared for trial by January 24, 1995, before Sams has to show that he was prepared. However, Sams is raising this issue in a motion for post-conviction relief. He bears the burden of proving facts entitling him to relief. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987). The state has no burden to present evidence at a post-conviction hearing.

Even if the state had not been ready and Sams' trial counsel had not stipulated to a continuance, Sams still must show that the result would have been different. *Kenley*, 952 S.W.2d at 266. Sams asserts that if his counsel had not stipulated to the continuance, then the trial court would have lost jurisdiction. However, no evidence indicates that in this admittedly "complex" case the state would not have been granted "such additional necessary or reasonable time" to prepare for trial as circumstances warranted. *Sec. 217.460*. In fact, the prosecutor's facsimile letter of January 22 nd is substantial evidence that if defense counsel had not stipulated to the continuance, the state would have found another way to comply with sec. 217.460 to ensure that the trial court did not lose jurisdiction. Therefore, Sams fails to show that the motion court clearly erred in finding that he was not prejudiced by the stipulation to a continuance.

■ Sams also claims that his counsel was ineffective for not moving to dismiss the charges for lack of jurisdiction after January 24, 1995. As explained above, because Sams' counsel stipulated to a continuance, the court did not lose jurisdiction. Thus, it would have been futile to move for a dismissal on that basis. Sams' trial counsel is not ineffective for failing to file a groundless motion to dismiss. *State v. Debler*, 856 S.W.2d 641, 655 (Mo. banc 1993).

Sams fails to show that the motion court clearly erred in its findings and conclusions. The judgment is affirmed.

All concur.