Edward Lee COLLINS, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 59296.

Missouri Court of Appeals,
Western District.

Sept. 11, 2001.

John M. Schilmoeller, Asst. Public Defender, Kansas City, Allen I. Harris, St. Louis, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Dora Fichter, Asst. Atty. Gen., Jefferson City, for Respondent.

HOLLIGER, Judge.

Appellant Edward Lee Collins (Collins) appeals the denial of his Rule 29.15 motion for post-conviction relief without evidentiary hearing. We find that Collins' claims of ineffective assistance of trial and appellate counsel were properly denied by the motion court, but that the motion court improperly denied Collins' request to correct the judgment in the criminal action. The order denying Collins' amended motion for post-conviction relief is therefore affirmed in part and reversed in part, as discussed below.

### Facts and Procedural History

Following a bench trial on January 28, 1998, Collins was convicted of the offenses of Robbery in the Second Degree and Armed Criminal Action. He received his sentence regarding those convictions on March 6, 1998. Appellant appealed his conviction and sentence, which was subsequently affirmed by this court in a mandate, issued November 29, 1999. Collins timely filed his motion for post-conviction relief under Rule 29.15, and an amended motion was later filed by his counsel on March 31, 2000. In the amended motion, Collins sets out three main grounds for relief. Specifically, Collins first contends that he received ineffective assistance of trial counsel, because his attorney failed to present evidence and testimony from Dr. Pepper, Collins' treating physician at the Jackson County Jail, in support of Collins' motion for appointment of private psychiatrist or psychologist and his claim that he was not competent to proceed to trial. Second, Collins claims that he received ineffective assistance of appellate counsel through said counsel's failure to brief and argue Collins' claim that the trial court erred in denying his motion for appointment of a private psychiatrist or psychologist and his claim of incompetence. Third, Collins argued that the motion court should amend the judgment reflecting his conviction and sentence to properly reflect that his conviction of Armed Criminal Action was an unclassified felony, instead of a "Class A" felony, as that judgment currently stated. Collins' amended motion also incorporated the allegations within his original *pro se* motion for post-conviction relief. None of this latter class of allegations, however, is at issue in the present appeal, so their specific content need not concern us here.

The motion court denied Collins' Rule 29.15 motion without an evidentiary hearing in a judgment entered October 13, 2000. With regard to Collins' claims of ineffective assistance of appellate counsel, the motion court denied the claim upon the merits, resting upon a series of factual findings and conclusions of law. As to Collins' claims of ineffective assistance of appellate counsel, the motion court denied this claim, reasoning that a claim of ineffective assistance of appellate counsel could not be raised in a Rule 29.15 proceeding. The motion court also denied

Collins' request to amend the criminal judgment's classification of Collins' Armed Criminal Action, concluding that the appeal taken from the judgment in the criminal action deprived the circuit court of jurisdiction to amend that judgment.

Collins subsequently filed the present appeal with this court. He raises three points on appeal. First, Collins claims that the motion court erred in denying his claims of ineffective assistance of trial counsel without hearing. Second, Collins alleges that the motion court erred in denying his claims of ineffective assistance of appellate counsel. Lastly, Collins alleges that the motion court erred in ruling that it was without jurisdiction to amend the underlying judgment in the criminal case to correctly reflect that the offense of Armed Criminal Action was an unclassified felony.

## Standard of Review

■ In reviewing the motion court's judgment denying a movant's motion for post-conviction relief under Rule 29.15, we will uphold that judgment unless the motion court's findings and conclusions are clearly erroneous. *Morrow v. State*, 21 S.W.3d 819, 822 (Mo. banc 2000). That standard is met if "a full review of the record definitely and firmly reveals that a mistake was made." *Id.* (citing *State v. Johnson*, 901 S.W.2d 60, 62 (Mo. banc 1995)).

■ Here, the motion court denied Collins' amended motion for post-conviction relief without hearing. We must therefore inquire whether the motion court properly denied Collins' request for an evidentiary hearing. Three elements must be met within a motion for post-conviction relief to entitle the movant to an evidentiary hearing: "(1) the motion must allege facts, not conclusions, warranting relief; (2) the facts alleged must raise matters not refuted by

the files and records in the case; and (3) the matters of which movant complains must have resulted in prejudice." *Morrow*, 21 S.W.3d at 822–23. To obtain an evidentiary hearing, Collins bears the burden of satisfying each element of this three-prong test through his amended motion for post-conviction relief. *See id.*

## Claims of Ineffective Assistance of Counsel

■ With this background, we turn to the specific points raised by Collins in the present appeal. We first address Collins' point on appeal concerning the motion court's denial of his motion's claim regarding ineffective assistance of trial counsel. We find that Collins' amended motion for post-conviction relief is deficient in that it fails to allege sufficient facts warranting relief. Specifically, the amended motion is silent as to what Dr. Pepper would have testified to or what information was contained in the medical records. Indeed, the amended motion only makes a conclusory statement that the trial court would have reached a different result had Collins' trial counsel presented that testimony or evidence.

Absent specific allegations of fact regarding the content of the omitted testimony or evidence, the motion court did not err in denying Collins' request for evidentiary hearing, as Collins failed to satisfy the first prong of the three-part test described in *Morrow*. Similarly, due to the deficiencies of Collins' motion, we find that the trial court did not err in denying his amended motion for post-conviction relief on its merits. As the Supreme Court held in *Morrow*, "[w]here the pleadings consist only of bare assertions and conclusions, a motion court cannot meaningfully apply the ... standard for ineffective assistance of counsel." *Id.* at 824. We, therefore, hold that the motion court committed no

error in denying Collins' claim of ineffective assistance of counsel. Collins' point on appeal regarding his allegations of ineffective assistance of trial counsel is denied.

■ With regard to Collins' point on appeal concerning the adequacy of his representation on appeal, we observe that the motion court denied Collins' claim of ineffective assistance of appellate counsel on the grounds that such claims were not cognizable in a Rule 29.15 proceeding. In its ruling, the motion court relied upon *Reuscher v. State*, 887 S.W.2d 588 (Mo. banc 1994). If Collins had been sentenced prior to January 1, 1996, the motion court would have been correct in its ruling. Prior to that date, the proper vehicle to raise a claim of ineffective assistance of appellate counsel was a motion to recall the mandate. *State v. Edwards*, 983 S.W.2d 520, 522 (Mo. banc 1999). However, under the version of Rule 29.15 applicable at the time Collins was sentenced, motions for post-conviction relief were to be filed after the issuance of the mandate in the direct appeal. Through the amendment, claims of ineffective assistance of appellate counsel became cognizable in a Rule 29.15 motion. Indeed, the prior procedure, a motion to recall mandate, is now prohibited as a means to raise a claim of ineffective assistance of appellate counsel. *See State v. Turner*, 972 S.W.2d 438, 440 n. 5 (Mo. App.1998). While our Supreme Court has not expressly overruled that portion of *Reuscher* that concerns the proper procedural vehicle to raise a claim of ineffective assistance of counsel, subsequent holdings by the appellate courts make it clear that *Reuscher* no longer correctly reflects the law on this issue.

■ Clearly, the basis for the motion court's ruling was erroneous and inconsistent with the law applicable to Collins' motion claim of ineffective assistance of appellate counsel in a Rule 29.15 proceeding. Nevertheless, we must uphold the motion court's denial of Collins' claim of ineffective assistance of appellate counsel, as it is sustainable upon other grounds. *State v. Bradley*, 811 S.W.2d 379, 383 (Mo. banc 1991). As stated above, Collins has failed to allege sufficient facts to entitle him to relief upon his claim of ineffective assistance of trial counsel. We have held that the motion court properly denied Collins' claim of ineffective assistance of trial counsel. Since Collins has not shown that his trial counsel rendered ineffective assistance, his appellate counsel could not have been ineffective for failure to raise the issue on appeal. The motion court did not err in denying Collins' claim of ineffective assistance of appellate counsel without hearing, and we therefore deny Collins' point on appeal concerning that issue.

### Movant's Request to Correct the Judgment

■ Collins' last point on appeal concerns the motion court's ruling that it did not have jurisdiction to amend the judgment reflecting his conviction and sentence to correctly reflect that the offense of Armed Criminal Action is an unclassified felony, as provided by statute. The judgment in the criminal case presently states that Armed Criminal Action is a "Class A" felony. The State concedes Collins' point on this issue, and requests that we remand the case to the motion court to amend the judgment. We concur, as the motion court clearly had authority to amend the judgment in the criminal action pursuant to Rule 29.15(j).[1] Appellant's last point is

---

1. We also note that such clerical errors in the judgment could have been corrected by a *nunc pro tunc* amendment pursuant to Rule 29.12(c). That rule provides that such corrections may be made at any time, including after the filing of a notice of appeal. *See State*

therefore sustained, and the judgment of the trial court is reversed and remanded. The motion court is further instructed to correct the judgment in the criminal action to reflect the conviction of Armed Criminal Action as an unclassified felony.

EDWIN H. SMITH, Presiding Judge, and VICTOR C. HOWARD, Judge, concur.

*v. Lee,* 948 S.W.2d 627, 630–31 (Mo.App. 1997).