Emmett McDONALD, Movant–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

No. 24557.

Missouri Court of Appeals,
Southern District,
Division one.

June 20, 2002.

Mark A. Grothoff, Asst. Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Nicole E. Gorovsky, Asst. Atty. Gen., Jefferson City, for Respondent.

KENNETH W. SHRUM, Presiding Judge.

Emmett McDonald ("Movant") appeals the denial of his Rule 29.15 motion for post-conviction relief stemming from his conviction for drug trafficking in the second degree, § 195.223.2(2) RSMo Cum. Supp. (1992).[1] In Point I, Movant maintains the motion court erred when it ruled his trial lawyer was not ineffective for seeking a continuance of Movant's motion to suppress. His second point claims the motion court erred when it found no ineffective assistance of counsel resulted when Movant's appellate lawyer failed to address an error in the trial court's judgment of sentence and conviction. The relief sought by Movant via his second point is correction of the judgment in his criminal case to properly reflect he was found guilty following a bench trial, not that he pleaded guilty as it presently recites.

We agree the motion court improperly denied Movant's request to correct the judgment in the criminal case and, as discussed below, remand with directions that the judgment be corrected. This action renders moot any issue raised via Point II about appellate counsel's alleged ineffec-

---

1. All rule references are to Supreme Court Rules (2002), unless stated otherwise. All statutory references are to RSMo (2000), unless otherwise indicated.

tiveness. As to Movant's Point I claim of ineffective assistance of trial counsel, we find it was properly denied by the motion court. Accordingly, the order denying Movant post-conviction relief is affirmed in part, and reversed in part.

We recount relevant facts of the underlying crime as set out in Movant's direct appeal, *State v. McDonald*, 10 S.W.3d 561 (Mo.App.1999). Movant boarded a bus in El Monte, California, which stopped in Springfield (Greene County), Missouri, on January 26, 1993. Movant was on his way home to Dayton, Ohio. Two law enforcement officers boarded the bus and began questioning Movant. Based on their initial observations of Movant and his subsequent comments and conduct, the officers decided to search a bag they believed belonged to Movant. The search produced six kilograms of cocaine prompting Movant's arrest.

The docket sheets recite that Movant initially bonded out of jail on March 1, 1993. For over one year, there were various pre-trial delays, and on March 22, 1994, the court was notified that Movant was incarcerated in Ohio because his probation had been revoked on November 7, 1993. In early May 1994, the State of Missouri filed a detainer against Movant. On May 12, 1994, Movant filed a written "Request For Disposition Of Information" that was received by the prosecutor's office on May 16, 1994.[2] On June 27, 1994, Movant was incarcerated in the Greene County jail. With the foregoing accomplished, Missouri's "Agreement on Detainers" mandated that Movant was to be brought to trial within 180 days, unless the court granted "any necessary or reasonable continuance." § 217.490, Article III.1.

On appeal, the parties seem to agree that the 180–day period for bringing Movant to trial would have expired November 12, 1994. In August and September of 1994, Movant filed two motions to suppress the evidence seized during the search of Movant's bag, one was filed *pro se* and the other filed by his attorneys. Movant was represented by attorney John Rion ("Rion") of Ohio and by Springfield local counsel Calvin Holden ("Holden").[3] As Holden described it, the case would basically be resolved by "the motion to suppress[,]" that is, a successful defense depended upon successfully suppressing the contraband seized.

Holden noticed up the suppression hearing for November 4, 1994, but on October 25, he requested a continuance because attorney Rion could not be present. Thereon, the hearing was rescheduled for December 8, 1994. In December, Movant filed a "Waiver of Detainer and Speedy Trial," and the motion to suppress was again reset, this time for March 24, 1995. The suppression hearing took place on that date, and the parties asked the court to "consider [the hearing] as a trial[.]" As explained by attorney Rion, the defense "would expect ... the Court's ruling on this motion to be outcome determinative." The court clarified the posture of the hearing as follows, "If I overrule the motion to suppress, then everybody agrees that I

---

2. The Interstate Agreement on Detainers (IAD) is a compact entered into by 48 states, the United States, and the District of Columbia to establish procedures for resolution of one state's outstanding charges against a prisoner of another state. *New York v. Hill*, 528 U.S. 110, 111, 120 S.Ct. 659, 662, 145 L.Ed.2d 560 (2000). The state of Missouri adopted the IAD at § 217.490, RSMo (1994).

3. The Honorable Calvin Holden is now circuit court judge in Greene County. When referring to Judge Holden by his surname only, we intend no disrespect, but do so for ease of discussion. The same caveat applies equally to Mr. Rion.

can use that same testimony to make a finding and actually rule the case as a non-jury court-tried case." Rion answered, "That's the way I'd like to go, sir."

Suggestions in support of their respective positions regarding the motion to suppress were filed by the parties in July of 1995; however, the motion (which was overruled) was not decided until June 28, 1996. In the meantime, Holden had withdrawn from the case and was replaced by attorney Thomas Carver ("Carver"). Likewise, a new prosecutor replaced Pat Merriman ("Merriman"). Apparently, this led to confusion as the case was *set for trial* and continued by the State on two occasions. On January 20, 1998, Movant failed to appear for trial. A warrant was issued for his arrest and he was finally incarcerated in the Greene County jail on July 1, 1998.[4] On October 26, 1998, the following docket entry was made:

> "COURT REVIEWS FILE, FINDS THAT THE CASE WAS SUBMITTED TO THE COURT ON THE EVIDENCE ADDUCED AT THE MOTION TO SUPPRESS, MOTION TO SUPPRESS IS OVERRULED AND THE COURT FINDS [MOVANT] GUILTY AS CHARGED. SENTENCING IS SET FOR 9:00 AM DECEMBER 18, 1998."

A judgment was entered on December 18, 1998, but the court mistakenly included a recital that Movant entered a "plea of guilty." In Movant's direct appeal, this court affirmed the judgment and noted Movant did not plead guilty, even though the matter had not been raised as error. *McDonald*, 10 S.W.3d at 562 n. 1.

Movant filed for post-conviction relief on numerous grounds alleging ineffective assistance of counsel. All such claims were denied after an evidentiary hearing. This appeal followed.

■ "A person convicted of a felony after trial claiming that the conviction or sentence imposed violates the constitution and laws of this state or the constitution of the United States ... may seek relief in the sentencing court pursuant to the provisions of this [rule]." Rule 29.15(a). Appellate review of a motion court's disposition of a Rule 29.15 motion is limited to deciding "whether the findings and conclusions of the [motion] court are clearly erroneous." Rule 29.15(k). A motion court's findings and conclusions are clearly erroneous only if a full review of the record leaves the appellate court with a definite and firm impression that a mistake has been made. *Franklin v. State*, 24 S.W.3d 686, 689 (Mo.banc 2000), *cert. denied*, 531 U.S. 951, 121 S.Ct. 356, 148 L.Ed.2d 286. A movant bears the burden of proving facts entitling him or her to relief. *Sams v. State*, 980 S.W.2d 294, 297 (Mo.banc 1998).

■ To prevail on a claim of ineffective assistance of counsel, a movant must show: First, that trial counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances; and second, counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 2064–65, 80 L.Ed.2d 674 (1984). Prejudice under the *Strickland* analysis is shown where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. at 2068.

4. Inexplicably, this was over two years after the motion to suppress was overruled.

Based on the *Strickland* standard, when reviewing a Rule 29.15 case, "we indulge in a strong presumption that defense counsel's conduct falls within the wide range of reasonable professional assistance." *Bright v. State*, 4 S.W.3d 568, 569[1] (Mo.App.1999). "Our 'scrutiny of counsel's performance must be highly deferential,' and the strong presumption serves to eliminate the 'distorting effects of hindsight.'" *Id.* at 569 (quoting *Strickland*, 466 U.S. at 689, 104 S.Ct at 2065).

In Movant's first point, he alleges his trial counsel was ineffective for "unreasonably, and without [Movant's] consent, seeking a continuance of the hearing on [Movant's] motion to suppress." Movant claims "the continuance had the effect of tolling the time limit in which [his] case could be brought to trial under the [IAD], which would have elapsed otherwise, and would have resulted in a dismissal of [his] case." The motion court denied relief on this claim because there was no credible evidence that the motion for continuance was done without Movant's knowledge and consent.

A motion for continuance is a scheduling matter upon which counsel has the last word, and a defendant will be deemed bound thereby even without his or her "express assent." *Hill*, 528 U.S. at 115, 120 S.Ct. at 664. Therefore, the question is not whether Movant consented to the continuance, but whether Movant can show his counsel was ineffective for obtaining the continuance. *Id.*, 528 U.S. at 115, 120 S.Ct. at 664. Even though the motion court did not specifically address this latter question, we will affirm the judgment as long as it reached the correct result, even if for the wrong reason. *See Collins*

*v. State*, 54 S.W.3d 226, 229 (Mo.App.2001); *Walker v. State*, 34 S.W.3d 297, 301 n. 5 (Mo.App.2000).

To prevail on his claim, Movant must show that a reasonably competent attorney would not have requested the continuance, and he must show a reasonable probability the result would have been different without the request. *Sams*, 980 S.W.2d at 296[2]. Here, the motion court did not err when it implicitly found that Movant did not meet that burden. Holden described the pivotal nature of the motion to suppress as being the entire case, and the reason for requesting the continuance as follows:

"The main issue was that [Rion] could not be here on that date and he was the lead counsel. He was the counsel who represented [Movant]. He's the one that had been hired by whoever hired him in Dayton, Ohio, and who he was answering to. So my job or whatever it was when he said he could not be here, it makes local counsel feel uncomfortable to do what is then is the main part of the case without the lead attorney being here."

Likewise, Movant testified he wanted Rion to represent him even if it meant Rion had to travel to Missouri to do so. This evidence indicates that the defense would not have been prepared within the 180–day time period because Rion would not have been able to be present at the hearing. When, as here, there is evidence showing that the defense was not prepared for trial, the decision to stipulate to a continuance is not unreasonable regardless of defense counsel's awareness of the motion for a speedy trial. *Sams*, 980 S.W.2d at 296–97.[5]

---

**5.** Section 217.460 deals with *intrastate* detainers, whereas § 217.490 relates to *interstate* detainers. *State v. White*, 728 S.W.2d 564, 566 (Mo.App.1987). These two statutes have "identical goals" and are construed in pari

We also note that Movant's argument that his counsel acted unreasonably because the state was not ready to try the case is not supported by the record. At the motion hearing, Holden explained that "the detainer would not expire before the state could try the case." As Holden testified:

> "It's a very simple case. It involved probably three witnesses and I'm sure ... Merriman was trying them at the time and he could get ready within about a day on one of those cases so I don't think there was ever any issue about whether they could try [Movant] in that 6–month period."

The motion for continuance was granted seventeen days before the expiration of the 180–day requirement. Seventeen days would have been ample time for the prosecution to become prepared for the trial if it had not done so already. There is no evidence to the contrary.

Movant has failed to demonstrate that his trial counsel was constitutionally ineffective for obtaining a continuance beyond the 180–day time period of § 217.490. On this record, the scheduling matter was within counsel's discretion as reasonable trial strategy. *Hill,* 528 U.S. at 115, 120 S.Ct. at 664; *Sams,* 980 S.W.2d at 296–97. The motion court did not err in denying Movant's claim of ineffective assistance of trial counsel. Point denied.

■ In Movant's second point on appeal, he claims his appellate counsel was ineffective because he failed to raise as an error on direct appeal that the judgment erroneously declared Movant pleaded guilty to the crime charged. Further, Movant claims that had the error been asserted on appeal, "the appellate court would have remanded [Movant's] case for correction of the judgment and sentence."

During the evidentiary hearing on Movant's post-conviction motion, Movant's attorney stated to the court:

> "I would just note that there is a due process claim that probably could have been nunc pro tunc but the sentence and judgment in this case, written sentence and judgment shows the sentence was imposed after a plea of guilty and we'd ask that be changed to after trial."

The motion court responded as follows: "That would be appropriate and I will certainly do that." Even so, when the motion court ruled the post-conviction motion, it did not order correction of the judgment in the criminal case. It simply disposed of the claim by concluding it "is without prejudice and does not warrant the remedy."

Whether this ruling was erroneous, as Movant claims, is not something we have to decide. This follows because the motion court clearly had authority to amend the judgment in the criminal action pursuant to Rule 29.15(j). *Collins,* 54 S.W.3d at 229[6]. Moreover, "such clerical mistakes in the judgment could have been corrected by a *nunc pro tunc* amendment pursuant to Rule 29.12(c)." *Id.* at 229[7], n. 1.[6] Relying on *Collins,* we reverse the judgment to the extent that the motion court refused to correct the judgment and sentence in the criminal action to reflect that Movant was found guilty after a trial. We remand with directions that the motion court make the indicated correction of the judgment in the criminal action. The correction thus or-

---

materia. *State ex rel. Kemp v. Hodge,* 629 S.W.2d 353, 359[7] (Mo.banc 1982).

**6.** A *nunc pro tunc* order is used to make the record conform to what actually occurred

when, as here, there is a basis in the record supporting such an amendment. *State v. Dugan,* 69 S.W.3d 105, 107[2] (Mo.App.2002).

dered renders moot Movant's second claim of motion court error. In all other respects, the judgment of the motion court is affirmed.

MONTGOMERY, J. and BARNEY, C.J., concur.