**Kenyatta D. LANE, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

**No. SD 30116.**

Missouri Court of Appeals,
Southern District,
Division One.

May 21, 2010.

Rehearing denied June 14, 2010.

Application for Transfer Denied
Aug. 31, 2010.

Nancy A. McKerrow, Columbia, MO, for Appellant.

1. Unless otherwise noted, all rule references are to Missouri Court Rules (2009).

2. All statutory references are to RSMo 2000, unless otherwise indicated.

3. While Movant frequently refers to his rights under the UMDDL as his "right to a speedy

Chris Koster, Attorney General, and Karen L. Kramer, Assistant Attorney General, Jefferson City, MO, for Respondent.

DON E. BURRELL, Judge.

Kenyatta Lane ("Movant") appeals the motion court's denial without an evidentiary hearing of his Rule 24.035[1] motion for post-conviction relief. Movant's motion alleged that he unknowingly and involuntarily entered a guilty plea due to ineffective assistance of counsel. Because Movant's motion raised a claim not conclusively refuted by the record, we reverse the motion court's order denying relief and remand the matter for an evidentiary hearing.

**Factual and Procedural Background**

On December 17, 2007, a criminal complaint was filed against Movant, alleging he had committed the class B felony of sale of a controlled substance, a violation of section 195.211,[2] and a warrant was issued for his arrest. On January 30, 2008, Movant, who was already incarcerated in the Missouri Department of Corrections on an unrelated conviction, filed a request that the instant charge be disposed of within 180 days, "[i]n accordance with section 460 RSMo 1978" (the Uniform Mandatory Disposition of Detainers Law ("UMDDL")).[3] A copy of that request was given to the prosecuting attorney the same day it was filed.

On August 8, 2008, a date Movant asserts was more than 180 days after Movant had properly filed his UMDDL re-

trial" and his "speedy trial" motion, the context in which these terms are used indicates that he is referring to his specific statutory rights under the UMDDL and not to his constitutional right to have his case tried without unreasonable delay.

quest, a motion for *habeas corpus ad prosequendum* was mailed to the prison where Movant was incarcerated. On September 2, 2008, Movant filed a memorandum in support of his request for disposition under the UMDDL. His memorandum specifically cited the UMDDL and asserted that "any indication or notice to the D.O.C. of a wanted, a warrant of untried complaints or pending charges serves as a de facto detainer sufficient to permit petitioner to invoke the provisions of the Uniform Mandatory Disposition Law (UMDDL)." Movant sent a second, notarized copy of that same memorandum on September 10, 2008.

On October 14, 2008, Movant, accompanied by counsel, pled guilty to the charge against him. At the plea hearing, Movant assured the court that he wanted to plead guilty and was doing so after sufficient consultation with his lawyer. The plea court did not specifically advise Movant that he would be giving up his right to a speedy trial by pleading guilty, but did advise Movant that he would be "giving up [his] constitutional rights relating to trial[.]" Movant indicated that he understood he was waiving his rights by pleading guilty. Movant also indicated that he was completely satisfied with his plea counsel.

After the court explained Movant's rights under Rule 24.035, Movant again affirmed that he was completely satisfied with his attorney's services—that his attorney had done everything Movant had asked him to do, and that Movant had been given ample time to talk with his attorney about his case. Movant further indicated that no force, promises, or threats had been made to coerce his guilty plea and that he was pleading guilty of his own free will. After Movant confirmed that he was, in fact, guilty of the crime charged, the plea court accepted Movant's guilty plea and found no probable cause to believe that Movant had received ineffective assistance of counsel. The court thereafter sentenced Movant to a seven year term of incarceration to be served concurrently with the sentence he was already serving.

Movant timely filed a *pro se* Rule 24.035 motion on March 9, 2009, alleging ineffective assistance of counsel. He attached to that motion a copy of his request for a speedy trial under the UMDDL. Post-conviction counsel was then appointed to represent Movant, and an amended motion was filed. The amended motion alleged that Movant's plea counsel misinformed him about the effect of his UMDDL motion, which prejudiced Movant by rendering his guilty plea involuntary in that absent such misinformation from his counsel, Movant would not have pleaded guilty but would have insisted on going to trial. As earlier indicated, the motion court thereafter denied relief without holding an evidentiary hearing.

## Analysis

Our review of a motion court's ruling on a Rule 24.035 motion is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 24.035(k). Our review is not *de novo;* "rather, the findings of the motion court are presumptively correct." *Wilson v. State*, 813 S.W.2d 833, 835 (Mo. banc 1991). "The motion court's findings and conclusions are clearly erroneous only if, after the review of the record, the appellate court is left with the definite and firm impression that a mistake has been made." *Soto v. State*, 226 S.W.3d 164, 166 (Mo. banc 2007).

■ Movant asserts two points on appeal. Movant's first point asserts that his plea counsel was ineffective for failing to file a motion to dismiss with prejudice the

charges against Movant because they had not been disposed of within 180 days as required by the UMDDL. Movant's second point alleges plea counsel was ineffective for failing to advise Movant that if he pled guilty he would be waiving his right to demand that the charges against him be dismissed with prejudice pursuant to the UMDDL. Because "a movant who has pled guilty to an offense [and] files a motion for post-conviction relief [ ] waives all errors regarding ineffective assistance of counsel except those that affect the voluntariness and knowledge of the plea," we need only consider Movant's second point. *Rivera v. State*, 106 S.W.3d 635, 638 (Mo. App. S.D.2003).

 "To show he was entitled to an evidentiary hearing on his Rule 24.035 motion, Movant must show that[:] (1) he alleged facts, not conclusions, warranting relief; (2) the facts alleged raise matters not refuted by the files and record of his case; and (3) the matters complained of resulted in prejudice to him." *Roberts v. State*, 276 S.W.3d 833, 835 (Mo. banc 2009). "If the court shall determine the motion and the files and records of the case conclusively show that the movant is entitled to no relief, a hearing shall not be held." Rule 24.035(h). "An evidentiary hearing may only be denied when the record *conclusively* shows that the movant is not entitled to relief." *Roberts v. State*, 276

S.W.3d at 835 (emphasis in original) (quoting *Wilkes v. State*, 82 S.W.3d 925, 928 (Mo. banc 2002)) (other citations omitted).

 Rule 24.035(j) requires the motion court to "issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held." Rule 24.035(j). "The motion court is not required to issue itemized findings and conclusions and there is no precise formula to which findings and conclusions must conform, but they must be sufficient to permit 'meaningful' appellate review." *Weekley v. State*, 265 S.W.3d 319, 322 (Mo.App. S.D. 2008). The motion court here issued such findings and conclusions.

In those findings and conclusions, the motion court found that "[t]he amended motion does not state whether the alleged ineffectiveness violated his rights under section 217.450, et seq., the Uniform Mandatory Disposition of Detainers Law (UMDDL), or section 545.780[.]"[4] The motion court found that Movant had waived his rights under the UMDDL by pleading guilty.[5] Finally, the motion court opined that the filing of a complaint does not implicate the right to a speedy trial provided by section 545.780—that this right becomes applicable only when an information is subsequently filed.

 While Movant's amended motion specifically alleged ineffective assistance of

4. Section 545.780 states:
 1. If defendant announces that he is ready for trial and files a request for a speedy trial, then the court shall set the case for trial as soon as reasonably possible thereafter.
 2. The provisions of this section shall be enforceable by mandamus. Neither the failure to comply with this section nor the state's failure to prosecute shall be grounds for the dismissal of the indictment or information unless the court also finds that the defendant has been denied his constitutional right to a speedy trial.

5. As noted by the motion court, it is well settled that a plea of guilty waives all nonjurisdictional claims of the defendant. *State v. Norton*, 7 S.W.3d 459, 460 (Mo.App. E.D. 1999). "The general rule in Missouri is that a guilty plea waives all nonjurisdictional defects, including statutory and constitutional guaranties." *Schmidt v. State*, 292 S.W.3d 574, 577 (Mo.App. S.D.2009) (quoting *State v. Sexton*, 75 S.W.3d 304, 309 (Mo.App. S.D. 2002)).

counsel, the motion court addressed only the effect Movant's UMDDL motion would have had on the plea court's authority to hear and accept Movant's guilty plea. The *Norton* and *Schmidt* cases only addressed whether the trial court had the authority to accept a guilty plea after the 180 day time period permitted under the UMDDL had run. Neither of these cases involved a claim of ineffective assistance of counsel— a separate ground for relief provided by Rule 24.035(a). By mistakenly concluding that the principles set forth in *Norton* and *Schmidt* were directly applicable to Movant's claim, the motion court failed to consider and address whether Movant's ineffective assistance of counsel allegation was conclusively refuted by the record.

■ After a negotiated guilty plea, a movant's "claim of ineffective assistance of counsel is immaterial except to the extent it impinges upon the voluntariness and knowledge with which the guilty plea was made." *Roberts,* 276 S.W.3d at 836; *Hicks v. State,* 918 S.W.2d 385, 386 (Mo.App. E.D.1996). The gravamen of Movant's amended post-conviction motion is that his plea was unknowing and involuntary because his counsel misinformed him as to the effect of his guilty plea and his rights under the UMDDL.

Section 217.450.1 states:

Any person confined in a department correctional facility may request a final disposition of any untried indictment, information or complaint pending in this state on the basis of which a detainer has been lodged against him while so imprisoned. The request shall be in writing addressed to the court in which the indictment, information or complaint is pending and to the prosecuting attorney charged with the duty of prosecut-

ing it, and shall set forth the place of imprisonment.

Section 217.455 states:

The request provided for in section 217.450 shall be delivered to the director, who shall forthwith:

(1) Certify the term of commitment under which the offender is being held, the time already served, the time remaining to be served on the sentence, the time of parole eligibility of the offender, and any decisions of the state board of probation and parole relating to the offender; and

(2) Send by registered or certified mail, return receipt requested, one copy of the request and certificate to the court and one copy to the prosecuting attorney to whom it is addressed.

Section 217.460 then provides that:

Within one hundred eighty days after the receipt of the request and certificate, pursuant to sections 217.450 and 217.455, by the court and the prosecuting attorney or within such additional necessary or reasonable time as the court may grant, for good cause shown in open court, the offender or his counsel being present, the indictment, information or complaint shall be brought to trial. The parties may stipulate for a continuance or a continuance may be granted if notice is given to the attorney of record with an opportunity for him to be heard. If the indictment, information or complaint is not brought to trial within the period, no court of this state shall have jurisdiction of such indictment, information or complaint, nor shall the untried indictment, information or complaint be of any further force or effect; and the court shall issue an order dismissing the same with prejudice.

Movant's amended motion alleges that he filed a proper motion requesting dispo-

sition within the 180 day limit; [6] that the 180 days had passed before he was tried or entered his guilty plea; and that his trial counsel failed to raise this issue with the court. The question is thus whether the record before the motion court conclusively refuted those claims. *White v. State*, 939 S.W.2d 887, 893 (Mo. banc 1997) ("no evidentiary hearing will be required unless the motion meets three requirements: '(1) the motion must allege facts, not conclusions, warranting relief; (2) the facts alleged must raise matters not refuted by the files and records in the case; and (3) the matters complained of must have resulted in prejudice to the movant.' ") (quoting *State v. Starks*, 856 S.W.2d 334, 336 (Mo. banc 1993)).

In *Sams v. State*, 980 S.W.2d 294 (Mo. banc 1998), the defendant filed a *pro se* request pursuant to the UMDDL after learning of his charges. *Id.* at 295. Two days before the one hundred eighty-day period set forth in the UMDDL would have expired, the defendant, his counsel, and the prosecutor had a hearing before the court, during which the parties stipulated to a trial date that was beyond the one hundred eighty-day time limit. *Id.* Months after the statutory time period had run, the defendant entered a guilty plea and was sentenced pursuant to that plea. *Id.* He thereafter filed a Rule 24.035 motion, alleging ineffective assistance of counsel based on his counsel "stipulating to a continuance beyond the one hundred eighty-day limitation" and "failing to argue that his stipulation did not waive the one hundred eighty-day requirement" and "failing to move for a dismissal." *Id.* The

motion court granted an evidentiary hearing. *Id.*

At that evidentiary hearing, the movant's plea counsel testified that he "was unsure or unable to recall whether he and [the defendant] had discussed the pro se motion for a speedy trial" and that it was "unrealistic" to think he could get the defendant's matter ready for trial within that time period due to the "enormous amount of paperwork" produced by the State. *Id.* The UMDDL specifically grants an exception to the running of the one hundred and eighty days when the defendant or his counsel requests or stipulates to a continuance. *Id.* at 296 (citing Section 217.460). The defendant in *Sams* thus did not prove that his counsel failed to perform like a reasonably competent attorney when he stipulated to a continuance, because cross-examination revealed that Sams' trial counsel would not have been prepared to try the case. *Sams*, 980 S.W.2d at 296. The court also denied the defendant's claim for ineffective assistance of counsel for failure to file a motion to dismiss because trial counsel had already stipulated to a continuance, making the filing of a motion to dismiss "futile." *Id.* at 297.

In *Rivera*, the defendant filed a *pro se* motion requesting disposition of his detainer under the Intrastate Agreement on Detainers (IAD) and pled guilty after the time had run. 106 S.W.3d at 636–37. Prior to sentencing, his counsel engaged in a discussion with the trial court regarding the IAD motion and the existence of a dispute as to whether or not the prosecutor's office had received the motion. *Id.* at 637. The defendant decided to plead guilty, even though he and his counsel

6. As earlier indicated, this court does not reach the issue of whether Movant properly met all of the requirements set forth in the UMDDL necessary to acquire the right to have his charges either disposed of within 180 days or dismissed. If Movant is unable to prove at his evidentiary hearing his entitlement to such relief, he would have suffered no prejudice as a result of his counsel's alleged misinformation about the effects of his UMDDL motion.

specifically stated that they understood the guilty plea would waive any right to a direct appeal based on the defendant's IAD motion. *Id.* This court affirmed the motion court's denial of a hearing on the defendant's post-conviction claim for ineffective assistance of counsel, finding that the record conclusively showed the defendant had not successfully invoked the IAD statute and that, based on the questioning by the trial court regarding the defendant's IAD rights, his guilty plea was voluntary, knowing, and understanding. *Id.* at 638–40.

▉ The defendants in *Sams* and *Rivera* had an opportunity to testify regarding their respective counsel's advice to plead guilty rather than seek a disposition of their claims brought under the UMDDL or IAD. "The hearing on [the defendant's] Rule 24.035 motion was his opportunity to present evidence to prove these necessary elements." *Sams*, 980 S.W.2d at 296. Here, as in *Sams*, Movant should have been granted an evidentiary hearing to determine whether his counsel was ineffective or had engaged in reasonable trial strategy by advising Movant to plead guilty after Movant had invoked the protection of the UMDDL. Movant filed his motion requesting disposition under the UMDDL on January 30, 2008, and a copy was forwarded to the prosecutor that same day. According to Movant, the 180 day period set forth in the UMDDL would have expired on July 29, 2008. Movant again filed a copy of his UMDDL request on September 10, 2008. Neither of Movant's attorneys ever addressed on the record Movant's filing of these motions, or his possible right to a dismissal of the charges against him.

An evidentiary hearing may reveal that Movant's counsel had good reasons for recommending that Movant plead guilty. As in *Sams* and *Rivera*, there may be evidence showing that Movant's UMDDL motion was defective or that counsel had other sound reasons for making such a recommendation. "It is not ineffective assistance of counsel to make a reasonable trial strategy decision." *Sams*, 980 S.W.2d at 296. But such a determination cannot be made without a hearing. The record before us does not conclusively demonstrate that Movant was not entitled to relief. If the motion court finds that Movant's counsel did, in fact, misinform Movant about the effect of his UMDDL motion, such misinformation may have rendered Movant's plea unknowing and involuntary.

The courts in *Sams* and *Rivera* also had an opportunity to assess whether or not the defendants in those cases were prejudiced by their counsels' alleged errors. If Movant's counsel induced him to plead guilty when he had a right to a dismissal under the UMDDL, Movant was prejudiced. Because the record before us does not refute Movant's claim, the motion court clearly erred in refusing to grant Movant a hearing on his amended motion.

The motion court's denial of relief is reversed and the matter is remanded for an evidentiary hearing on Movant's amended motion.

BARNEY, J., and BATES, P.J., Concur.