

# In the
# Missouri Court of Appeals
# Western District

DERIC L. COON,                          )
                                        )
                    Appellant,          )    WD79325
                                        )
v.                                      )    OPINION FILED:
                                        )    November 29, 2016
STATE OF MISSOURI,                      )
                                        )
                    Respondent.         )

### Appeal from the Circuit Court of Lafayette County, Missouri
The Honorable Dennis A. Rolf, Judge

Before Division One:  Thomas H. Newton, Presiding Judge, Cynthia L. Martin, Judge
and Edward R. Ardini, Jr., Judge

Appellant Deric L. Coon ("Coon") appeals the motion court's denial of his Rule 24.035[1] motion for post-conviction relief which alleged ineffective assistance of counsel in failing to file a motion to suppress Coon's confession and in failing to advise Coon that his sentences would be imposed to run consecutively.  Finding no error, we affirm.

---

[1]Rule 24.035 of the Missouri Supreme Court Rules. All statutory references are to RSMo 2000 as supplemented unless otherwise indicated.

## Facts and Procedural History

On November 16, 2013, Coon was arrested in connection with the burglary of a storage unit in Odessa, Missouri. After identifying Coon and a friend as suspects, Odessa Police located the two at a local hotel. Coon was questioned and taken into custody after making potentially incriminating statements. At the time of his arrest, Coon was in possession of methamphetamines. Coon was eight months into a five-year term of probation, with a suspended imposition of sentence, following a guilty plea he entered on March 8, 2013, for attempted second degree burglary.

When Coon and the officers arrived at the station, Coon signed a *Miranda*[2] form, and then described the events and his role in the theft from the storage unit. Coon also confessed to possession of methamphetamines. An officer prepared a written account of Coon's statement, and Coon signed the statement. Coon does not contest the accuracy of his written statement. Additionally, four other people gave statements implicating Coon.

Pursuant to negotiations with the State, Coon pled guilty on March 3, 2014, to a Class C felony for possession of a controlled substance and a Class C felony for stealing, in exchange for the State's agreement to drop two related charges. The court sentenced Coon to seven years on both counts, to be served concurrently. The court also revoked Coon's suspended imposition of sentence in connection with Coon's March 2013 conviction, given Coon's violation of the terms of his probation, and sentenced him to seven

---

[2]*Miranda v. Ariz.*, 384 U.S. 436 (1966).

years in the department of corrections to be served consecutively to the concurrent seven-year sentences. Execution of all of Coon's sentences was suspended, and Coon was again placed on probation for five years. On August 6, 2014, Coon's probation was revoked after Coon tested positive for marijuana, and Coon's suspended sentences were executed. Coon was committed to the jurisdiction of the Department of Corrections immediately thereafter.

Coon filed a *pro se* Rule 24.035 motion for post-conviction relief on November 10, 2014. Appointed counsel filed an amended Motion to Vacate, Set Aside, or Correct the Judgment or Sentence on April 22, 2015 ("Amended Motion"). The motion court denied Coon's Amended Motion without an evidentiary hearing[3] and issued its findings of fact, conclusions of law and judgment.[4]

Coon filed this timely appeal.

### Standard of Review

"Appellate review of the trial court's action on [a] motion filed under [] Rule 24.035 shall be limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 24.035(k); *Roberts v. State*, 276 S.W.3d 833, 835 (Mo. banc 2009); *Ross v. State*, 335 S.W.3d 479, 480 (Mo. banc 2011); *Bello v. State*, 464 S.W.3d 284, 288-89 (Mo. App. W.D. 2015). The determination of the motion court is clearly erroneous only if "the appellate court is left with the definite and firm impression that a

---

[3]Coon does not claim error in being denied an evidentiary hearing.

[4]Coon fails to include an appendix with his brief containing the motion court's judgment from which this appeal is taken in violation of Rule 84.04(h). Since this Court does not prefer to settle an appeal without reaching its merits, and the briefing in this case "is at least minimally compliant with the rules," we proceed to decide this appeal on its merits despite the violation. *Rainey v. SSPS, Inc.*, 259 S.W.3d 603, 605 (Mo. App. W.D. 2008).

mistake has been made." *Roberts*, 276 S.W.3d at 835. The burden of showing that the motion court clearly erred is on the movant. *Id.*

## Analysis

Though Coon's Amended Motion raised several claims, Coon's appeal addresses the denial of only two of those claims. Coon argues that the motion court erred in denying his Amended Motion because plea counsel was ineffective by failing to file a motion to suppress his confession, as Coon now claims that his confession was not knowing and voluntary because he was high on methamphetamines and had gone without sleep for three to four days at the time he waived his *Miranda* rights and gave his statement to the police. Coon also argues that it was error to deny his Amended Motion because plea counsel was ineffective by failing to advise him, before he pled guilty, that the seven-year suspended sentence for his earlier probation violation would be ordered to run consecutively to the concurrent seven-year sentences imposed for the charges arising out of his November 2013 arrest.

To prevail on an ineffective assistance of counsel claim, Coon must "show[] by a preponderance of the evidence that (1) his counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances and (2) his counsel's deficient performance prejudiced him." *Smith v. State*, 370 S.W.3d 883, 885-86 (Mo. banc 2012); *see Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)). Coon must prove both prongs of this test, and if he fails to prove one prong, the appellate court need not consider the other. *Bello*, 464 S.W.3d at 289. Furthermore, by entering a plea of guilty, Coon expressly waived the right to contest all other errors "except to the extent that [plea

counsel's] conduct ***affected the voluntariness and knowledge with which the plea was made***." *Worthington v. State,* 166 S.W.3d 566, 573 (Mo. banc 2005) (emphasis added); *State v. Roll,* 942 S.W.2d 370, 375 (Mo. banc 1997).

For the following reasons, we hold that the motion court did not clearly err in denying Coon's Amended Motion.

### *Plea Counsel's Failure to File a Motion to Suppress Coon's Confession*

In his first point on appeal, Coon argues that plea counsel was ineffective in failing to file a motion to suppress his confession. Specifically, Coon argues that because he was under the influence of methamphetamines and alcohol at the time of his confession, he did not knowingly and voluntarily waive his *Miranda* rights or make a confession.

Coon's first point on appeal is facially without merit. Coon's point on appeal alleges only that plea counsel failed to file a motion to suppress. Coon's point on appeal does not allege that plea counsel failed to advise him of the possibility that his confession could have been suppressed, thus affecting the knowing and voluntary nature of his guilty plea.[5] *See Lynn v. State,* 417 S.W.3d 789, 803-04 (Mo. App. E.D. 2013) (explaining that the mere existence of potentially suppressible evidence does not "vacate a guilty plea that was voluntarily and knowingly made."). Coon's Amended Motion does not explain how trial

---

[5]At the end of the argument portion of Coon's Brief addressing point one, Coon loosely alleges that had he known a motion to suppress could have been filed, he would not have pled guilty. Coon's general assertion that he was not advised of the ability to file a motion to suppress materially varies from the error asserted in his point relied on and preserves nothing for our review. Rule 84.04(e) (stating that "[t]he argument shall be limited to those errors included in the 'Points Relied On.'"); *Cordes v. Williams*, 201 S.W.3d 122, 129 (Mo. App. W.D. 2006) ("Issues not encompassed by the point relied on and raised only in the argument portion of the brief are not preserved for review."); *Howell v. State*, 357 S.W.3d 236, 248 (Mo. App. W.D. 2012) ("It is well settled that errors raised for the first time in the argument portion of a brief, and that are not raised in the point relied on, need not be considered by this court.").

counsel's failure to file a motion to suppress influenced the knowing and voluntary nature of his guilty plea. *See* Rule 24.035(e) (requiring a post-conviction movant to allege all facts necessary to show an entitlement to relief). In fact, the plea record indicates that Coon pled guilty aware that by doing so, he was waiving any right to challenge the legality of his arrest or the admissibility of evidence at trial.[6] As a result, Coon has not demonstrated that trial counsel's failure to file a motion to suppress had any bearing on the knowing and voluntary nature of Coon's plea. Coon cannot satisfy the first prong of the *Strickland* analysis. *Lynn,* 417 S.W.3d at 803-04 (holding that when the defendant voluntarily and knowingly pleaded guilty, he waived any claim that counsel was ineffective for failing to file a motion to suppress the defendant's inculpatory statements).

Even if Coon could overcome this insurmountable hurdle, he would remain unable to establish that plea counsel's performance was ineffective. As the motion court noted, "[t]rial counsel will not be deemed ineffective for failing to file a meritless motion to suppress. *State v. Hunter*, 840 SW 2d 850, 870 (Mo. banc 1992)." Filing a motion to suppress under the circumstances alleged by Coon would have been meritless because voluntary intoxication will not support the suppression of a confession.

> It is generally agreed among authorities that drug influence or intoxication at the time of making a statement or confession does not require exclusion because not voluntarily, knowingly and intelligently made unless the intoxication or drug influence amounts to mania. The fact of drug influence and intoxication, absent mania, only goes to the credibility and weight of the statement.

---

[6]The transcript for the Plea Sentencing Proceeding shows that the court warned Coon of the consequences of entering a guilty plea, and asked Coon to state whether he understood that by entering a guilty plea, he was waiving his right to contest the legality of his arrest and the admissibility of any evidence in the case. Coon indicated that he understood.

6

*State v. Hindman*, 543 S.W.2d 278, 285 (Mo. App. S.D. 1976). *See also State v. Mitchell,* 2 S.W.3d 123, 127-28 (Mo. App. S.D. 1999) (mere intoxication, absent evidence of "mania" is not enough to render a statement unintelligent and involuntary).

Pursuant to Rule 24.035(e), Coon was required to allege all facts necessary to show an entitlement to post-conviction relief.[7] Both the *pro se* and the Amended Motion are void of any factual allegations necessary to suggest that a motion to suppress was likely to be successful. Though the Amended Motion generally alleges that Coon's *Miranda* waiver and subsequent confession were not made knowingly and voluntarily because he was intoxicated, Coon does not allege that he was *involuntarily* intoxicated at the time of his confession, and does not allege that his behavior at the time of his confession rose to the level of mania.[8] At best, Coon's Amended Motion alleges a fact (Coon's intoxication) that would have affected the credibility and reliability of his confession, not its admissibility. The motion court did not clearly err in concluding that Coon's claim of ineffective assistance of counsel based on the failure to file a motion to suppress was without merit.

Because counsel was not ineffective for failing to file a meritless motion, and regardless, any argument to that effect is waived because it did not affect Coon's ability to voluntarily and knowingly enter a guilty plea, Coon has not sustained his burden to establish deficient performance of counsel, and we need not address the prejudice prong.

---

[7]After appointed, "[c]ounsel shall ascertain whether sufficient facts supporting the claims are asserted in the motion … If the motion does not assert sufficient facts or include all claims known to the movant, counsel shall file an amended motion that sufficiently alleges the additional facts and claims." Rule 24.035(e). Additionally, in the event counsel decides not to file an amended motion, counsel still must file a statement that demonstrates all actions taken to ensure that all facts supporting the defendants claims are asserted in the pro se motion. *Id.*

[8]In fact, at one point in his brief, Coon admits that "Mr. Coon may not have demonstrated 'mania,'" but insists that the circumstances rendered the confession involuntary. [Appellant's Brief, p. 10]

7

Point one on appeal is denied.

*Plea Counsel's Failure to Advise of Consecutive Sentences*

In his second point on appeal, Coon argues that plea counsel ineffectively failed to advise him, before he pled guilty, that if his probation was revoked, he would serve two seven-year sentences concurrently, but consecutive to a seven-year sentence for his previous conviction, a total of fourteen years in prison.

Coon's claim is plainly refuted by the record. The following exchange occurred during the guilty plea sentencing proceeding:

| | |
|---|---|
| Court: | What is the State's recommendation? |
| State: | Your Honor, the State is asking the Court to revoke the [earlier] probation, sentence the Defendant to seven years. We're asking the Court in the new case, 871, to sentence the Defendant to seven years on each of the counts he has pled guilty to, to run concurrently but consecutively to the probation sentence for a total of 14 years. Suspend execution of sentence and place the Defendant on a five-year probation with Missouri Probation and Parole with all of the standard conditions of probation as well as the special conditions.… |
| …. | |
| Court: | You've heard the recommendation made by the State? |
| Coon: | Yeah. |
| Court: | Is that your understanding of what the recommendation was going to be? |
| Coon: | Yes. |
| Court: | Any changes or surprises? |
| Coon: | Nope. |

8

| Court: | Any other promises made to you concerning this matter? |
|---|---|
| Coon: | No. |
| Court: | After what you have heard today, do you still wish to plead guilty and want me to accept your plea of guilty and follow the Prosecutor's recommendation? |
| Coon: | Yes. |

Contrary to Coon's current claim, this exchange clearly indicates that Coon was both advised of, and understood, that the seven-year sentence imposed for his earlier conviction would be ordered to run consecutively with the seven-year sentences imposed for his most recent convictions.

Additionally, later in the guilty plea sentencing hearing, the Court warned Coon exactly what was at stake if he violated the terms of his probation, and Coon indicated his understanding of the Court's warning.

| Court: | […] it is the order, sentence and judgment of this Court that the Defendant be sentenced to seven years in the Department of Corrections on the probation revocation case, seven years in the Department of Corrections on the stealing and possession of a controlled substance charges. The possession and stealing charges to run concurrent with each other but consecutive to the probation revocation case, which means in this case, sir, seven plus seven plus seven actually equals 14, not 21, but not seven either, because the new case is consecutive to the old case. You've got a lot of risk. Do you understand that? You get in trouble again, you are going to be gone for a long time. Understand? |
|---|---|
| Coon: Yes. | |

Coon indicated his understanding of the nature of his sentences not once, but twice, during his guilty plea sentencing proceeding.  The record refutes Coon's current claim that he was not aware that one of his sentences would run consecutive to the others.

The motion court did not clearly err in finding that Coon's claim of ineffective assistance of counsel was refuted by the record.

Point two on appeal is denied.

## Conclusion

We affirm the motion court's judgment denying Coon's Rule 24.035 post-conviction motion.


_____
Cynthia L. Martin, Judge


All concur