James M. Dowd, Chief Judge
Appellant Shatondi Rice pleaded guilty to one count of second-degree felony murder and one count of armed criminal action. Rice filed a Rule 24.035[1] motion for post-conviction relief which was denied by the motion court without an evidentiary hearing. We now consider Rice's appeal of that denial.
In Rice's sole point on appeal, he argues the motion court clearly erred in denying his Rule 24.035 motion without an evidentiary hearing because he received ineffective assistance of counsel. Specifically, Rice alleges that plea counsel's failure to advise him of the possibility of a jury instruction on the lesser included offense of involuntary manslaughter rendered his guilty plea involuntary, unknowing, and unintelligent. Because the motion court did not clearly err in finding that Rice's ineffective assistance *568 of counsel claim did not entitle him to relief, or to an evidentiary hearing, we affirm.
Factual and Procedural Background
Shatondi Rice was indicted as a prior and persistent felony offender on charges of first-degree murder and armed criminal action. Pursuant to a plea agreement, the State filed an amended information reducing the first-degree murder charge to second-degree felony murder, and Rice pleaded guilty to second-degree felony murder and armed criminal action. At his plea hearing, the State detailed the evidence that would have supported the charges at trial, including the testimony of Doriana Jefferson, the victim's daughter. Specifically, the State related that Jefferson would have testified she was in her home with Rice and the victim; witnessed the two arguing; and then heard a loud noise. Additionally, the State would have shown that Rice was in possession of a firearm, which he used to shoot and kill the victim. Rice acknowledged that this evidence was "basically correct."
The plea court found that Rice's pleas were made voluntarily and intelligently with a full understanding that by pleading guilty, he was giving up his right to a jury trial. Rice was sentenced to concurrent life sentences with the possibility of parole.
Rice timely filed his pro se Rule 24.035 motion for post-conviction relief alleging that plea counsel was ineffective for failing to advise him of the chance that the jury could have been instructed on the lesser included offense of involuntary manslaughter. Counsel then entered his appearance for Rice and filed an amended motion which the motion court denied without an evidentiary hearing. Rice appealed, and this Court found that his amended motion was untimely filed. Rice v. State , 482 S.W.3d 464 (Mo. App. E.D. 2016). Consequently, pursuant to Moore v. State , 458 S.W.3d 822 (Mo. banc 2015), we remanded the case to the motion court to conduct an abandonment inquiry. The motion court concluded that Rice's amended motion was untimely because he had been abandoned by counsel, and as a result the court considered Rice's amended motion. Nevertheless, the court again denied the motion without an evidentiary hearing.
Standard of Review
We review the denial of a Rule 24.035 motion for post-conviction relief only to determine whether the motion court's findings and conclusions are clearly erroneous. Rule 24.035(k); Dorsey v. State , 448 S.W.3d 276, 282 (Mo. banc 2014). Findings and conclusions are clearly erroneous only if, after reviewing the entire record, we are left with the definite and firm impression that a mistake has been made. Swallow v. State , 398 S.W.3d 1, 3 (Mo. banc 2013). We presume that the motion court's findings are correct. Chaney v. State , 323 S.W.3d 836, 841 (Mo. App. E.D. 2010).
Moreover, an evidentiary hearing is not warranted for every Rule 24.035 motion. Rule 24.035(h); see Whitehead v. State , 481 S.W.3d 116, 122 (Mo. App. E.D. 2016). To be entitled to an evidentiary hearing, the movant's motion must (1) allege facts, not conclusions, warranting relief; (2) raise factual matters that are not refuted by the file and record; and (3) raise allegations that resulted in prejudice. Id. Courts will not draw factual inferences or implications in a post-conviction motion from bare conclusions or from a prayer for relief. See Johnson v. State , 406 S.W.3d 892, 898 (Mo. banc 2013) (elucidating this principle with respect to Rule 29.15 motions).
*569 Discussion
The Strickland Test
We apply the two-part Strickland test to ineffective-assistance-of-counsel claims for post-conviction relief. Johnson , 406 S.W.3d at 898 (citing Strickland v. Washington , 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ). To be entitled to relief, the movant must show by a preponderance of the evidence that (1) his counsel failed to exercise the level of skill and diligence that a reasonably competent counsel would in a similar situation and (2) he was prejudiced by that failure. Id. To overcome the strong presumption that counsel's conduct was reasonable and effective, the movant must identify specific acts or omissions of counsel that, in light of all the circumstances, fell outside the wide range of professionally competent assistance. Id. To show prejudice, the movant must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id.
Where there is a guilty plea, a claim of ineffective assistance of counsel is immaterial "except to the extent that the conduct affected the voluntariness and knowledge with which the plea was made." Wiggins v. State , 480 S.W.3d 379, 383 (Mo. App. E.D. 2015) (citing Worthington v. State , 166 S.W.3d 566, 573 (Mo. banc 2005) ). Counsel has the basic duty to discuss the circumstances and possible consequences of entering a plea in order to ensure that the defendant makes an informed and intelligent decision about waiving the right to a trial. Id. Within the context of a motion for post-conviction relief, once the movant demonstrates that counsel's performance was deficient, he must further show that there is a reasonable probability that but for counsel's ineffectiveness, the movant would not have pleaded guilty and would have demanded a trial. Id.
Counsel's Failure to Advise Rice of the Lesser Included Offense of Involuntary Manslaughter
In his sole point on appeal, Rice claims the motion court clearly erred in denying his Rule 24.035 motion because plea counsel was ineffective when she failed to advise Rice of the possibilities that the jury could have been instructed on and that he could have been convicted of the lesser included offense of involuntary manslaughter. We disagree.
A person commits second-degree felony murder when he commits or attempts to commit any felony, and, in the perpetration or the attempted perpetration of such felony, another person is killed. § 565.021.1 (2)[2] . A person commits the lesser offense of involuntary manslaughter in the first degree when he recklessly causes the death of another person. § 565.024.1(1).
Here, the record shows that Rice admitted the veracity of the facts supporting his guilty plea to the State's charge of second-degree felony murder-namely, that as a prior and persistent offender, he committed a felony by possessing a handgun, see § 571.070[3] (defining the unlawful possession of a firearm as the knowing possession of such weapon by a person who has been convicted of a felony under Missouri law) and, as a result of the perpetration of that felony, a homicide occurred. Thus, the record refutes any claim by Rice that he committed only the lesser offense of involuntary *570 manslaughter. Given that the record shows Rice admitted to facts supporting the greater offense of second-degree felony murder, counsel could reasonably have concluded that there was no realistic or strategic purpose to advising Rice of the lesser included offense. Therefore, counsel's decision was not outside the wide range of professionally competent assistance, and Rice's ineffective assistance claim is without merit.
Nevertheless, Rice contends that by failing to advise him with respect to the lesser included offense of involuntary manslaughter, counsel denied him the opportunity to show that he did not intentionally fire the gun, but only that he accidentally fired it as he removed it from his waistband, and therefore, was guilty only of involuntary manslaughter. But accepting that argument would require us to ignore that second-degree felony murder does not require any intent to kill. State v. Cole , 384 S.W.3d 318, 328 (Mo. App. S.D. 2012). Because second-degree felony murder only requires that a person is killed as a result of the perpetration or the attempted perpetration of a felony, § 565.021.1(2), it was not an unreasonable strategy, and certainly not ineffective assistance of counsel, to omit informing Rice of the possibility of conviction of the lesser included offense of involuntary manslaughter and to avoid proceeding to a trial where his alleged lack of intent would have provided no defense to the second-degree felony murder charge to which Rice pleaded guilty.
The motion court also did not clearly err in concluding that Rice failed to make allegations of prejudice meriting an evidentiary hearing. To sufficiently allege prejudice, Rice had to cite facts not refuted by the record that, if true, would show that if he had been informed of the possibilities of an instruction on and conviction of involuntary manslaughter, he would have forgone the State's plea offer and would have proceeded to trial. See Wiggins , 480 S.W.3d at 383 (requiring such allegations to sufficiently plead Strickland prejudice where there is a guilty plea). On this record, the motion court could reasonably have found that Rice failed to meet this burden.
Here, Rice was indicted for first-degree murder and could have faced a sentence of life imprisonment without the possibility of parole. Pursuant to the plea agreement, Rice pleaded guilty to second-degree felony murder with the understanding that he would receive a sentence of life imprisonment with the possibility of parole. Moreover, Rice admitted the facts supporting his commission of second-degree felony murder. In light of these facts, the motion court could reasonably have concluded that the record refutes Rice's allegation that in the absence of the alleged error of counsel, he would have gone to trial risking not only an increased sentence on the second-degree murder charge, but also the possibility of being convicted of first-degree murder.
Conclusion
For the reasons stated above, we affirm the judgment of the motion court.
Lawrence E. Mooney, J., and Anthony R. Gabbert, Sp. J., concur.

All rules references are to the Missouri Supreme Court Rules (2016).

All statutory references are to the Missouri Revised Statutes (2000) unless otherwise indicated.

RSMo (2010).