

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| JAMES H. MEADORS, | ) | No. ED105949 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of Jefferson County |
| vs. | ) | |
| | ) | Honorable Victor J. Melenbrink |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | FILED: March 19, 2019 |

## Introduction

James Meadors ("Meadors") appeals the motion court's judgment denying his Rule 24.035[1] motion for post-conviction relief without an evidentiary hearing. Meadors argues that the motion court clearly erred in finding that he waived his right to a speedy trial when he pleaded guilty to forgery. By pleading guilty, Meadors waived any claim that plea counsel was ineffective for failing to move to dismiss for lack of a speedy trial. Accordingly, our review is limited to the voluntariness of Meadors's plea. Because the record plainly refutes that Meadors's plea was either involuntary or unknowing, or that Meadors's motion contained the required averment of prejudice, the motion court did not clearly err in denying Meadors's motion for post-conviction relief without an evidentiary hearing. Accordingly, we affirm the judgment of the motion court.

---

[1] All Rule references are to Mo. R. Crim. P. (2016).

1

Factual and Procedural History

The State arrested Meadors in August 2011, following a string of forgeries and stealing offenses committed in the City of St. Louis, St. Charles County, and Jefferson County. Although the subject of this appeal addresses only Meadors's sentence on his Jefferson County forgery offense, to fully address Meadors's post-conviction motion, we review his post-arrest timeline with respect to all three jurisdictions. On charges of forgery and stealing filed in the City of St. Louis, Meadors was convicted following trial in February 2013 and sentenced to a term of incarceration with the Missouri Department of Corrections ("DOC"). On the charges of passing bad checks and stealing filed in St. Charles County, Meadors pleaded guilty in June 2014 and also was sentenced to a term of incarceration with the DOC. During the pendency of his criminal proceedings in the City of St. Louis and St. Charles County, Meadors was never in the custody of Jefferson County, nor did Jefferson County issue any writ of detainer to obtain custody of him.

The State filed its complaint alleging a forgery charge against Meadors in Jefferson County on November 11, 2012, and issued an arrest warrant on December 5, 2012.

In July 2013, while in the custody of the DOC on the City of St. Louis and St. Charles offenses, Meadors wrote a letter to the Jefferson County circuit court asking for information about the pending forgery charge in that court. In his letter to the court, Meadors wrote that he "would like to dispose of the charges against him if possible." At this time, no information or indictment had been returned formally charging Meadors with any crime in Jefferson County.

The State executed the warrant on the Jefferson County forgery charge in March 2015. Meadors then was brought from the DOC to Jefferson County by writ, and was appointed a public defender. The State filed the information on the forgery charge on January 25, 2016, and

2

amended the information on January 27, 2016. Eighty-four days later, on April 20, 2016, Meadors pleaded guilty to forgery.

At the plea hearing, the State outlined its evidence against Meadors: on June 25, 2011, Meadors had used a forged check in the amount of $20,697 to defraud Taylor's Boutique Limited in order to buy a vehicle. Meadors registered the vehicle and obtained a title loan to acquire cash, using the vehicle as collateral. At the hearing, Meadors admitted to having forged the check. The State then presented Meadors with a list of his prior convictions—including the City of St. Louis and St. Charles County offenses of forgery, passing bad checks, and stealing—and Meadors attested to its accuracy. Meadors acknowledged that he understood that the range of punishment for the Jefferson County forgery charge was seven to fifteen years with the DOC.

The plea court asked Meadors a series of questions ensuring that Meadors understood the consequences of his guilty plea. Meadors stated that he fully understood the nature of his guilty plea. Meadors acknowledged that by pleading guilty he was giving up his right to a speedy trial. Meadors confirmed that he had the opportunity to speak to plea counsel, and that plea counsel answered all of his questions about the guilty plea. The plea court accepted Meadors's guilty plea, finding that Meadors made the guilty plea voluntarily, intelligently, knowingly, and with a full understanding of the nature and consequences of pleading guilty.

The plea court subsequently conducted a sentencing hearing. The sentencing court inquired into whether Meadors was content with his plea counsel. Meadors indicated that he was satisfied with plea counsel and plea counsel's effectiveness. The sentencing court sentenced Meadors as a prior and persistent offender to eight years in prison pursuant to the State's recommendation.

3

Meadors later filed for post-conviction relief under Rule 24.035, claiming that plea counsel was ineffective for failing to file a motion to dismiss his forgery charge for lack of a speedy trial prior to his decision to plead guilty, and he was thereby prejudiced. The motion court denied Meadors's Rule 24.035 motion without an evidentiary hearing, finding that Meadors's plea was voluntary and that Meadors understood both what he was doing and the consequences of his plea. The motion court further found that Meadors waived any claim regarding his right to a speedy trial when he pleaded guilty. The motion court additionally found that Meadors failed to show prejudice. Meadors now appeals.

## Point on Appeal

In his sole point on appeal, Meadors maintains that the motion court clearly erred in denying his Rule 24.035 motion without an evidentiary hearing because his plea counsel was ineffective for failing to move to dismiss the Jefferson County forgery charge based on Meadors's right to a speedy trial. Meadors contends he was prejudiced because had plea counsel filed the motion to dismiss, the charges against him would have been dismissed, and he would not have pleaded guilty.

## Standard of Review

We will overturn a motion court's disposition on a Rule 24.035 motion only if its findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k); Rice v. State, 550 S.W.3d 565, 568 (Mo. App. E.D. 2018). The motion court's findings are clearly erroneous only if, after reviewing the entire record, we are "left with the definite and firm impression that a mistake has been made." Whitehead v. State, 481 S.W.3d 116, 122 (Mo. App. E.D. 2016) (internal quotation omitted). We presume that the motion court's findings of fact and conclusions of law are correct. Simmons v. State, 432 S.W.3d 306, 308 (Mo. App. E.D. 2014).

4

## I.   The <u>Strickland</u> Standard Following a Guilty Plea With No Evidentiary Hearing

In order to prevail on a claim for ineffective assistance of counsel following a guilty plea, a movant must show by a preponderance of the evidence that (1) plea counsel's performance fell below an objective standard of reasonableness and (2) the movant was prejudiced. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984); <u>Whitley v. State</u>, 501 S.W.3d 531, 534–35 (Mo. App. E.D. 2016). Regarding the performance prong, "[t]o overcome the strong presumption that [plea] counsel's conduct was reasonable and effective, [a] movant must identify specific acts or omissions of [plea] counsel that, in light of the circumstances, fell outside of the wide range of professionally competent assistance." <u>Rice</u>, 550 S.W.3d at 569.

Regarding the prejudice prong, a movant must show a reasonable probability that, but for plea counsel's errors, the outcome of the proceedings would have been different in that movant would not have pleaded guilty but instead would have gone to trial. <u>Strickland</u>, 466 U.S. at 694. If a movant fails to prove either prong, we need not consider the other. <u>Stragliati v. State</u>, 556 S.W.3d 660, 664 (Mo. App. E.D. 2018).

A movant is not entitled to an evidentiary hearing when "the files and records of the case conclusively show that [a] movant is entitled to no relief." Rule 24.035(h). In order to be entitled to an evidentiary hearing, a movant must allege unrefuted facts that, if true, warrant relief, and he must show that he was thereby prejudiced. <u>Whitehead</u>, 481 S.W.3d at 122.

### A.   Speedy-Trial Waiver

"After a negotiated guilty plea, a movant's 'claim of ineffective assistance of counsel is immaterial except to the extent it impinges upon the voluntariness and knowledge with which the guilty plea was made.'" <u>Lane v. State</u>, 317 S.W.3d 125, 129 (Mo. App. S.D. 2010) (quoting

5

Roberts v. State, 276 S.W.3d 833, 836 (Mo. banc 2009)). Similar to the claims of ineffective assistance raised in Lane, the gravamen of Meadors's amended post-conviction motion is that his plea was unknowing and involuntary due to a speedy-trial issue. In Lane, the movant alleged his counsel misinformed him as to the effect of his guilty plea and his rights under the Uniform Mandatory Disposition of Detainers Law ("UMDDL") that granted the movant a right to a speedy trial. Lane, 317 S.W.3d at 128. Here, Meadors essentially alleges that counsel failed to inform him of his constitutional right to a speedy trial, and had counsel filed a motion for speedy trial on his behalf, the charge against him would have be dismissed and he would not have pleaded guilty. Meadors posits these facts rendered his plea unknowing and involuntary.

A plea of guilty waives all post-conviction allegations of error regarding ineffective assistance of counsel, except claims affecting the voluntariness and knowledge of the plea. Lane, 317 S.W.3d at 128; see Rice, 550 S.W.3d at 569. Where a movant alleges ineffective assistance of counsel following a guilty plea, a movant is not entitled to an evidentiary hearing if the guilty plea proceedings directly refute that the plea was involuntary or unknowing. Whitehead, 481 S.W.3d at 122. "As a result, a movant must establish a serious dereliction of duty that materially affected his substantial rights and further show that his guilty plea was not an intelligent or knowing act." Id. at 123 (internal quotation omitted).

Questionably absent from Meadors's appeal is the allegation that his plea was involuntary or unknowing. While this omission would be fatal to his claim, Meadors does include this allegation in his amended motion for post-conviction relief that is the subject of our review. We generously view Meadors's point on appeal as asserting a claim that his plea was involuntary.

A plain reading of Meadors's point on appeal and amended motion for post-conviction relief shows that Meadors does not focus on the voluntariness of his plea as much as he

6

challenges the effectiveness of his plea counsel for not filing a motion to dismiss based upon his right to a speedy trial. Meadors's point on appeal and amended motion challenge plea counsel's failure to file a motion to dismiss, a claim of ineffective assistance that he waived by his guilty plea. Coon v. State, 504 S.W.3d 888, 891–92 (Mo. App. W.D. 2016) (finding a post-conviction relief claim following a guilty plea meritless where the movant only alleged a failure to file a motion to suppress and did not attack the knowing or voluntary nature of the plea). In claiming that the Jefferson County forgery charge would have been dismissed had plea counsel moved for dismissal, Meadors relies on a presumed outcome of a motion to dismiss and suggests a logical conclusion that had the motion to dismiss been granted, obviously, he would not have pleaded guilty. In his amended motion, Meadors pleaded as follows:

> If plea counsel had filed a motion to dismiss, Mr. Meadors would not have pled guilty. The reason he pled guilty is because counsel failed to file a motion to dismiss, even though there was a reasonable probability that it would have been meritorious.

We are not persuaded that this averment adequately challenges the knowing or voluntary nature of Meadors's guilty plea, which is the sole avenue of post-conviction relief for non-jurisdictional claims available to a movant who pleaded guilty. Coon, 504 S.W.3d at 891–92. Meadors's constitutional and statutory speedy trial claims are waivable. Greene v. State, 332 S.W.3d 239, 246, 247–48 (Mo. App. W.D. 2010); see also Davis v. State, 320 S.W.3d 237, 240 (Mo. App. E.D. 2010) (finding the movant, by pleading guilty, waived any claim that the trial court erred in not granting dismissal for an alleged statutory speedy trial violation). The record conclusively establishes that Meadors knowingly waived any right to a speedy trial. At the plea hearing, Meadors expressly acknowledged his understanding that by pleading guilty, he was waiving his right to a speedy trial and would not able to appeal his conviction on that basis. Specifically:

7

| COURT: | Do you understand you have a right to a speedy and public jury or non-jury trial to determine your guilt of the charge? |
| MEADORS: | Yes, sir. |
| . . . | |
| COURT: | Do you understand that by pleading guilty you will give up your right to a speedy and public jury or non-jury trial? |
| MEADORS: | Yes, sir. |
| . . . | |
| COURT: | Do you understand if you had elected to stand trial and were found guilty by a jury or a judge you would have the right to appeal, but there is no right to appeal from this guilty plea? |
| MEADORS: | Yes, sir. |
| COURT: | Understanding those things do you still wish to plead guilty? |
| MEADORS: | Yes, sir. |

Meadors therefore waived his claim that plea counsel was ineffective for failing to move to dismiss for lack of a speedy trial. See Lane, 317 S.W.3d at 127–28.

To the extent Meadors reasons that his plea was involuntary because he would not have pleaded guilty had plea counsel informed him of his right to a speedy trial and filed the requisite motion to assert that right, we find such claim is refuted by the record. See Whitehead, 481 S.W.3d at 122; Whitley, 501 S.W.3d at 535; see also Branch v. State, 531 S.W.3d 621, 625 (Mo. App. E.D. 2017) (holding the record conclusively refuted the movant's claim that he would have gone to trial but was "forced to plead guilty" because plea counsel failed to file a motion for speedy trial). A careful review of the record reveals that Meadors's motion is void of any factual allegations that his plea counsel misinformed him or failed to inform him of his rights to a speedy trial or the merits of any motion alleging the deprivation of such rights. Meadors simply maintains that had plea counsel filed a motion to dismiss for lack of a speedy trial, said motion would have been granted, and therefore, he would not have pleaded guilty. Although we will generously interpret Meadors's averments as alleging ineffective assistance due to counsel's failure to advise him of his rights to a speedy trial, Meadors's argument nevertheless fails because the record clearly refutes his assertion that a motion to dismiss had merit.

8

Plea counsel will not be deemed ineffective for failing to file a meritless motion. Coon, 504 S.W.3d at 892; Stragliati, 556 S.W.3d at 664. The record establishes that a motion to dismiss based upon Meadors's right to a speedy trial would have been meritless because the time between when the State filed the information for the Jefferson County forgery charge and when Meadors pleaded guilty was only eighty-four days—not the 1700 days Meadors alleges in his motion. See State v. Sisco, 458 S.W.3d 304, 313 (Mo. banc. 2015) ("The delay in bringing a defendant to trial is measured from the time of a formal indictment or information or when actual restraints are imposed by an arrest [for the charged offense]."); State v. Williams, 120 S.W.3d 298, 299 (Mo. App. W.D. 2003) ("The right to a speedy trial attaches, and the defendant becomes an 'accused,' with the filing of either a formal indictment or information against the defendant or his arrest."). Under similar facts in Williams, the Western District held that the defendant was not "arrested" or "accused" on the pending charge for speedy trial purposes until the information was filed because the defendant was imprisoned on other charges. Williams, 120 S.W.3d at 299. Likewise, here, Meadors was not "arrested" or "accused" on the Jefferson County forgery charge until the State filed the information because Meadors was arrested on separate charges in other jurisdictions and no detainer was issued by Jefferson County. See id. Meadors's situation thus contrasts with cases in which a defendant is arrested through a joint enterprise between multiple counties and is held for a particular jurisdiction via a detainer or functional equivalent. See State v. Holmes, 643 S.W.2d 282, 285–86 (Mo. App. W.D. 1982). Consequently, no prejudicial delay occurred between the filing of the information and Meadors's guilty plea to justify a motion to dismiss for lack of a speedy trial. Williams, 120 S.W.3d at 300; Cummings v. State, 535 S.W.3d 410, 420–21 (Mo. App. S.D. 2017). Therefore, we will not

9

deem Meadors's plea counsel ineffective for failing to make a meritless motion. Coon, 504 S.W.3d at 892; Cummings, 535 S.W.3d at 420–21.

Additionally, to the extent Meadors may suggest that his July 2013 letter requesting disposition of his pending charge asserted his right to a speedy trial under the UMDDL, Meadors's claim fails on multiple grounds. First, the record shows that Meadors did not meet the UMDDL requirement that a written demand for a speedy disposition be sent to both the court and the prosecuting attorney of Jefferson County. Greene, 332 S.W.3d at 241 ("A fundamental procedure requirement of Section 217.450[2] is a written demand for speedy disposition addressed to the court and prosecuting attorney where the charges are pending."). Meadors does not allege he sent a letter to the Jefferson County prosecuting attorney. Second, Meadors's letter was premature in that the State had not yet filed the information, and "no de facto detainer arises merely from the existence of the warrant." State v. Pugh, 357 S.W.3d 310, 314 (Mo. App. W.D. 2012) (internal citation omitted) ("Absent [a] court's finding that a detainer was already filed, or the functional equivalent, a defendant's premature request for disposition of charges does not trigger the [UMDDL's] 180-day time limit."). The record therefore disputes any potential claim that Meadors invoked his rights to a speedy trial under the UMDDL.

Lastly, the record reflects that Meadors failed to plead the prejudice required for relief. Meadors does not plead in his amended motion that he would have insisted on going to trial had plea counsel filed a motion to dismiss based upon his constitutional right to a speedy trial. See Jarrett v. State, 313 S.W.3d 172, 174–75 (Mo. App. S.D. 2010) ("A showing of prejudice requires [a] [m]ovant to establish that but for his plea counsel's errors, he would have insisted on

---

[2] All statutory references are to RSMo (2016).

10

going to trial instead of entering a guilty plea."). Meadors may wish for us to assume that possible eventuality—but his failure to affirmatively plead prejudice is fatal to his motion.

For the reasons set forth above, Meadors has failed to meet his burden under Rule 24.035 that would entitle him to post-conviction relief or an evidentiary hearing on his motion.

## Conclusion

The judgment of the motion court is affirmed.

KURT S. ODENWALD, Presiding Judge

Gary M. Gaertner, Jr., J., and Colleen Dolan, J., concur.

11