

# Missouri Court of Appeals

## Southern District

### Division One

STATE OF MISSOURI,     )
    )
    Respondent,     )
    )
v.     )     No. SD36254
    )     Filed:  May 15, 2020
ANTONIO PLEAZ WALKER,     )
    )
    Appellant.     )

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Thomas E. Mountjoy, Judge

### **<u>AFFIRMED</u>**

Antonio Pleaz Walker ("Walker") appeals his convictions, following a guilty plea, of two counts of assault in the second degree, and one count of unlawful possession of a firearm.  In one point relied on, Walker argues that the trial court erred in denying his motions to dismiss based on a violation of his right to a speedy trial.  Finding no merit to Walker's point, we deny the same and affirm the judgment of the trial court.

## Facts and Procedural Background

On July 27, 2018, Walker was charged with the class A felony of assault in the first degree (Count I), pursuant to section 565.050;[1] the unclassified felony of armed criminal action (Count II), pursuant to section 571.015;[2] the class D felony of assault in the second degree (Count III), pursuant to section 565.052;[3] and the class D felony of unlawful possession of a firearm (Count IV), pursuant to section 571.070.[4] On August 15, 2018, Walker filed a *pro se* "Motion for a Speedy trial." Walker initially requested to represent himself, but subsequently changed his mind and the court appointed the public defender's office.

On April 1, 2019, Walker filed a *pro se* motion to dismiss based on an alleged violation of his right to speedy trial.

On August 5, 2019, the State filed an amended information, reducing the charge of assault in the first degree (Count I) to assault in the second degree, and dropping the charge of armed criminal action (Count II).

On August 7, 2019, Walker filed a second *pro se* motion to dismiss for due process violations, raising arguments about the effectiveness of appointed counsel, and an alleged violation of his right to speedy trial.

A pre-trial conference was held on August 8, 2019. The parties appeared and announced they had reached a written plea agreement. Defense counsel and the prosecutor both indicated that

---

[1] *See* section 565.050, RSMo Cum.Supp. 2014, effective January 2017.

[2] *See* section 571.015, RSMo 2000.

[3] *See* section 565.052, RSMo Cum.Supp. 2014, effective January 2017.

[4] *See* section 571.070, RSMo Cum.Supp. 2016, effective January 2017.

they were ready for trial if the plea agreement "doesn't happen." Walker, speaking on his own behalf, requested "that there be a continuance" as he "didn't feel that they were ready for trial."

Defense counsel then requested a ruling on Walker's *pro se* motions to dismiss because it was Walker's "intention, even though he is entering a plea if the motion for speedy trial is not granted, to further litigate that at the Court of Appeals." Because the motions were filed by Walker *pro se*, defense counsel stated it was in Walker's best interest that they "simply stand on the motion[s]" so as not to limit Walker's appeal going forward. After hearing additional argument, and taking judicial notice of the file in Case Number 1831-CR04412-01, including "all the documents, docket entries, and pleadings within the file[,]" the trial court overruled Walker's *pro se* motions to dismiss.

Defense counsel then announced that with the "motion for speedy trial being overruled," Walker wanted to enter a plea of guilty, pursuant to the written plea agreement.

Walker pled guilty to the charges as set forth in the amended information. At the plea hearing, the trial court recited that the written plea agreement indicated that Walker was to receive eight-year sentences as a persistent offender on each count, with the sentences to run concurrently to each other and to any other existing sentences. Walker acknowledged that he understood the agreement. He also acknowledged his signature on the written agreement and said that he understood it when he signed it.

The trial court went through Walker's rights attendant to trial, including the right to appeal, and informed Walker that he would be giving up those rights if he pled guilty. Walker indicated that he understood the rights explained to him and understood that he would be giving up those rights by pleading guilty. The trial court accepted Walker's guilty pleas, finding that they were

made voluntarily and with an understanding of rights, and that the charges were supported by a sufficient factual basis.

The trial court also found beyond a reasonable doubt that Walker was a "persistent felony offender," and sentenced Walker in accord with the plea agreement to concurrent eight-year sentences on each count. This appeal followed.

## Standard of Review

In reviewing a trial court's denial of a defendant's motion to dismiss based on defendant's right to a speedy trial, we defer to the trial court's factual findings and credibility determinations, and review legal issues *de novo*. **State v. Sisco**, 458 S.W.3d 304, 312-13 (Mo. banc 2015).

## Analysis[5]

In Walker's single point, he asserts that "[t]he trial court erred in denying [Walker]'s motions to dismiss the charges against him," because the record shows that: "(1) the delay in bringing [Walker] to trial was presumptively prejudicial; (2) there was no reason the trial could not have happened sooner; (3) [Walker] timely asserted his right to a speedy trial; and (4) [Walker] was prejudiced by the State's failure to bring him to trial in a timely manner."

Walker pled guilty, resulting in his now-challenged convictions. As Walker's brief acknowledges, a defendant's voluntary and knowing "guilty plea bars any claims he or she may have that are based on either statutory or constitutional guarantees of a speedy trial." **Rivera v.**

---

[5] Walker's brief requests that we treat his direct appeal as an application for writ of mandamus, asserting that "trial counsel either affirmatively advised him he could pursue this issue on appeal or negligently failed to advise him that he could not." Walker concedes that "this might be seen as more appropriately addressed in a post-conviction motion," but argues that mandamus will be faster than authorized post-conviction proceedings. While limited circumstances exist where an appellate court may treat an otherwise improperly designated filing as an application for writ, *see* **State v. Larson**, 79 S.W.3d 891, 895 (Mo. banc 2002), we are not persuaded that such circumstances exist here. Our rules provide distinct and explicit procedures for post-conviction relief and applications for writs. Under the circumstances here presented, we decline to treat direct appeal as a generalized shortcut (or stand-in) for those other authorized and available procedures.

*State*, 106 S.W.3d 635, 639–40 (Mo.App. S.D. 2003). Whether Walker's guilty plea was knowing or voluntary is not an issue properly before us in this direct appeal.[6] Walker's argument presents no other issue properly for our consideration, and his point relied on is therefore denied.

The judgment of the trial court is affirmed.

WILLIAM W. FRANCIS, JR., J. – OPINION AUTHOR

GARY W. LYNCH, P.J. – CONCUR

NANCY STEFFEN RAHMEYER, J. – CONCUR

---

[6] *See* **Feldhaus v. State**, 311 S.W.3d 802, 804 (Mo. banc 2010) ("[T]he general rule in Missouri is that a guilty plea waives all nonjurisdictional defects, including statutory and constitutional guaranties."); **Meadors v. State**, 571 S.W.3d 207, 212 (Mo.App. E.D. 2019) (A defendant's "constitutional and statutory speedy trial claims are waivable.").